PER CURIAM.
In this appeal, which stems from the revocation of Kyles’ community control, we have two issues for consideration: the trial court’s designation of Kyles as a sexual predator pursuant to Florida’s Sexual Predators Act and the trial court’s failure to make either an oral pronouncement or written findings as to which of the alleged violations of community control he found Kyles guilty. We reverse the trial court’s order designating Kyles a sexual predator because he does not have the necessary predicate convictions, a fact that the State has conceded on appeal. See § 775.22, Fla. Stat. (1995).[1] We affirm, however, the revocation of Kyles’ community control as the alleged error was neither preserved nor fundamental. See § 924.051(l)(b), (3), Fla. Stat. (Supp.1996).
REVERSED IN PART and AFFIRMED IN PART.
STONE, C.J., and DELL and STEVENSON, JJ., concur.

. Florida’s Sexual Predators Act has been amended and sections 775.22, 775.225, and 775.23 repealed. Ch. 96-388, §§ 61-62, at 2366, Laws of Fla. (1996). The statute as amended, however, looks to the now repealed sections 775.22 and 775.23 to define the predicate offenses necessary for classification as a sexual predator with regard to offenses committed on or after October 1, 1993, and before October 1, 1995. See § 775.21(4), Fla. Stat. (Supp.1996).