PER CURIAM.
The record shows that in 1992 James Perkins was charged with a crime or crimes. He obtained a $100,000 bond from Amwest Surety Insurance Company through A. Tom-linson’s Bail Bond Company. At some point, Perkins committed suicide. Initially the bond was forfeited by court order.
Amwest filed a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540, on the ground that Perkins’ suicide rendered his return pursuant to the bond an impossibility. On October 14, 1996, the court granted the motion and ordered the forfeited funds to be returned to Amwest.
On October 24, 1996, Orange County filed a motion to stay the order on the ground that it had not received a copy of the order and was unable to file an appeal or motion for rehearing. The judge rendered an order on that same day granting a stay for ten days.
On November 5,1996, past the time granted for the stay, Orange County filed a motion for rehearing, rather than an appeal. This rehearing motion was directed towards an order rendered pursuant to Rule 1.540. Am-west moved to strike the motion for rehearing on the ground that it was untimely. A successor judge reserved ruling and on April 11, 1997, he granted the motion for rehearing. In this proceeding Amwest appeals from that order.
We agree with Amwest that the trial judge was without jurisdiction to grant the county’s untimely motion for rehearing. We therefore quash the order of April 11, 1997, which quashal, in effect, affirms the trial court order dated October 14, 1996, which set aside the bond estreature.
ORDER QUASHED, CAUSE REMANDED.
COBB and HARRIS, JJ., concur.
W. SHARP, J., concurs specially, with opinion.