744 So.2d 1172 (1999)
STATE of Florida, Appellant,
v.
Ellis D. COLLEY, Appellee.
No. 97-03653.
District Court of Appeal of Florida, Second District.
November 3, 1999.
*1173 Robert A. Butterworth, Attorney General, Tallahassee, and Jean-Jacques Darius and Wendy Buffington, Assistant Attorneys General, Tampa, for Appellant.
Earl F. Overby, Pensacola, for Appellee.
ALTENBERND, Judge.
The State challenges an order denying its motion for a written finding of sexual predator status. We grant relief because the record reflects that Ellis D. Colley meets the criteria for designation as a sexual predator.
In 1995, Mr. Colley pleaded nolo contendere to several charges stemming from an episode that occurred in April 1994. Among other offenses, Mr. Colley pleaded to attempted sexual battery of a person over 12 years of age while armed with a dangerous weapon, a violation of section 794.011(4)(b), Florida Statutes (1993). Attempted sexual battery is a second-degree felony. See §§ 794.011(4), 777.04(4)(d), Fla. Stat. (1993). However, because Mr. Colley committed the offense while armed with a dangerous weapon, the charge was reclassified as a first-degree felony. See § 775.087(1)(b), Fla. Stat. (1993). After entering his plea, Mr. Colley was sentenced to prison for three years followed by ten years' probation.
For reasons unexplained in the record, no written finding concerning the sexual predator designation was filed when Mr. Colley was sentenced in 1995. See § 775.23(3)(b), Fla. Stat. (1993). The record does reflect that the Florida Department of Law Enforcement placed Mr. Colley on its own sexual predator list. Apparently, the FDLE was authorized to place Mr. Colley on its list either because Mr. Colley had pleaded to a first-degree sexual battery offense or because Mr. Colley had committed prior sexual offenses in California. See § 775.22(2), Fla. Stat. (1993). Mr. Colley was already registered as a sex offender in California.
In 1997, after a change in the law required the FDLE to remove names from its sexual predator list, the State filed a motion seeking a sexual predator designation for Mr. Colley pursuant to section 775.21(4)(a)(2)(b), Florida Statutes (Supp. 1996). Without stating any reasons, the trial court entered an order denying this motion. This order is the subject of this proceeding.
Section 775.21, Florida Statutes (Supp. 1996), was the version of Florida's Sexual Predator Act in effect at the time the trial court entered the order at issue. This section relied on repealed sections 775.22 and 775.23 to define the predicate offenses necessary to classify an offender as a sexual predator for offenses committed on or after October 1, 1993, and before October 1, 1995. See § 775.21(4), Fla. Stat. (Supp. 1996); Kyles v. State, 703 So.2d 1155 (Fla. 4th DCA 1997). Former section 775.23(2)(a) defines a sexual predator as an offender who is convicted of, or who pleads nolo contendere or guilty to, any capital, life, or first-degree felony violation of chapter 794 or section 847.0145, Florida Statutes (1993), or a violation of a similar law of another jurisdiction.
Mr. Colley qualifies as a sexual predator under former section 775.23(2)(a), Florida Statutes (1993), because the offense to which he pleaded was a first-degree felony violation of chapter 794. The fact that Mr. Colley pleaded to an attempt does not prevent his designation as a sexual predator. See Johnson v. State, 716 So.2d 332 (Fla. 2d DCA 1998). Likewise, the fact *1174 that the offense to which he pleaded is a first-degree felony only because it was reclassified under section 775.04 does not prevent his designation as a sexual predator. The pertinent inquiry under former section 775.23(2)(a) concerns the degree of the offense to which Mr. Colley pleaded, not the exact statutory analysis necessary to arrive at the degree level for the offense.[1]
When the State requested the trial court designate Mr. Colley as a sexual predator in 1997, the trial court had jurisdiction to do so pursuant to section 775.21(4)(a)(2), Florida Statutes (Supp.1996). See Collie v. State, 710 So.2d 1000, 1006 (Fla. 2d DCA 1998). Because the court had jurisdiction and Mr. Colley qualified as a sexual predator, it was error for the trial court to refuse to so designate him.
While we are convinced the trial court committed error, our exact jurisdictional basis to correct this error is unclear. The State sought to invoke this court's jurisdiction by filing a notice of appeal. This court has previously held that a defendant may take a direct appeal from an order designating him or her a sexual predator by way of Florida Rule of Appellate Procedure 9.140(b)(1)(C). See Downs v. State, 700 So.2d 789 (Fla. 2d DCA 1997). There is no similar provision in rule 9.140 that would allow the State to appeal an order declining to impose a sexual predator designation. The First District has addressed this jurisdictional question and has decided that the State must file a petition for writ of certiorari to challenge such an order. See State v. Galloway, 721 So.2d 1197 (Fla. 1st DCA 1998).
On the other hand, a sexual predator designation is not a sentence or punishment, but is a regulatory act done for remedial purposes. See Collie, 710 So.2d 1000. In general, the rules of criminal procedure do not apply to sexual predator designations. See Angell v. State, 712 So.2d 1132 (Fla. 2d DCA 1998). Thus, we arguably could treat this case as an appeal brought pursuant to Florida Rule of Appellate Procedure 9.130(a)(4), which governs nonfinal orders entered after final judgment in civil cases.
We are inclined to believe that certiorari is the better approach, but it is not essential that we decide which approach to take because we have jurisdiction under either approach. Even under the more limited review available through certiorari, we can grant the State relief. Accordingly, we quash the trial court's order and remand, directing the court to enter an order designating Mr. Colley a sexual predator.[2]
Finally, the State argues that Mr. Colley should be subject to the community and public notification requirements of current section 775.21(4)(a), Florida Statutes (Supp.1998). This issue was not presented to the trial court nor properly raised before this court. We decline to pass upon it at this time. The State may raise this issue with the trial court on remand.
Order quashed and case remanded.
PARKER, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] In light of finding that Mr. Colley qualifies as a sexual predator under section 775.23(2)(a), Florida Statutes (1993), we need not address whether Mr. Colley might qualify for sexual predator designation under section 775.23(2)(b) because of his prior California offenses.
[2] We note that Mr. Colley's judgment, which is not the order on appeal, contains a scrivener's error. His judgment should reflect that Mr. Colley was convicted of violating section 794.011(4)(b), not section 794.011(4)(d).