818 So.2d 538 (2002)
Richard Wade SMELTZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2458.
District Court of Appeal of Florida, Second District.
January 18, 2002.
NORTHCUTT, Judge.
In December 1999 Richard Wayne Smeltz received a twenty-four-month prison sentence after pleading to a charge of committing a lewd act in the presence of a child. When sentencing Smeltz, the trial court designated him as a sexual predator. Just under a year later, Smeltz filed a petition for relief from the designation because his prior offense, a misdemeanor, did not satisfy the statutory requisites for sexual predator designation. The trial court granted Smeltz's petition and struck the designation by order rendered February 6, 2001. The State did not seek review of the order.
Eighty days later, on April 27, 2001, the trial court rendered a second order. This one denied Smeltz's petition on a procedural ground, i.e., that a sexual predator designation is neither a sentence nor a punishment and the rules of criminal procedure do not apply to it. Citing this court's decisions in State v. Colley, 744 So.2d 1172 (Fla. 2d DCA 1999), and Coblentz v. State, 775 So.2d 359 (Fla. 2d DCA 2000), the trial court concluded that a person in Smeltz's situation must seek relief by filing a separate civil action, such as an action for declaratory judgment. Smeltz has appealed this order, contending the court lacked jurisdiction to render it. We agree.
The trial court correctly appreciated that for procedural and jurisdictional purposes *539 sexual predator designations take place outside the rubric of criminal proceedings. See Collie v. State, 710 So.2d 1000, 1013 (Fla. 2d DCA 1998) (pointing out, among other things, that the legislative intent behind sexual predator designation statute is civil rather than criminal); Angell v. State, 712 So.2d 1132, 1132 (Fla. 2d DCA 1998) (affirming denial of motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 without prejudice to defendant's right to seek relief from sexual predator designation by any available civil remedy); Colley, 744 So.2d at 1174 (noting that, arguably, State's appeal of trial court's refusal to designate defendant as sexual predator could be treated as one brought pursuant to Florida Rule of Appellate Procedure 9.130(a)(4), governing nonfinal orders entered after final judgment in civil cases).
The court was mistaken, however, in its belief that Smeltz could seek relief only by filing a separate civil action. In Coblentz, we noted that it was arguable that the trial court "could, perhaps should" have treated the defendant's motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) as, instead, a motion for relief from judgment under Florida Rule of Civil Procedure 1.540. Coblentz, 775 So.2d at 360. Indeed, the rules of civil procedure apply to "actions of a civil nature" and to "special statutory proceedings." Fla. R. Civ. P. 1.010. Therefore, when attacking his sexual predator designation, Smeltz was entitled to invoke the issuing court's jurisdiction to grant relief from its own judgment pursuant to rule 1.540.
We emphasize that we do not pass on the merits of Smeltz's petition for relief, whether on grounds set forth in rule 1.540 or otherwise. The February 6, 2001, order granting the petition is not before us. Rather, our decision is mandated by the fact that the trial court had jurisdiction pursuant to rule 1.540 to entertain Smeltz's petition, and it rendered an order granting the requested relief. When it did so, the court's jurisdiction over the matter terminated. It could not revisit the issue eighty days later. Amwest Sur. Ins. Co. v. State, 721 So.2d 408 (Fla. 5th DCA 1998).
Accordingly, the April 27, 2001, order denying Smeltz's petition for supplemental relief is quashed. To the extent, if any, that the order may have affected the efficacy of the February 6, 2001, order granting the petition, the February 6, 2001, order is reinstated.
WHATLEY and SALCINES, JJ., Concur.