833 So.2d 243 (2002)
Tywaun JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-951.
District Court of Appeal of Florida, Fourth District.
December 26, 2002.
*244 Carey Haughwout, Public Defender, Ellen Griffin and Peggy Natale, Assistant Public Defenders, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Richard I. Polin, Assistant Attorney General, Miami, for appellee.
PER CURIAM.
Tywaun Jackson appeals a final judgment of involuntary commitment to a secure mental health facility under section 394.917, Florida Statutes (1999), the "Jimmy Ryce Act" (the Ryce Act). We affirm, addressing only appellant's constitutional challenges to the Ryce Act and his contention that certain evidence presented to the jury failed to satisfy the Frye test.
In challenging the judgment of commitment entered after a jury verdict, appellant argues that the Jimmy Ryce Act (the Ryce Act) is unconstitutional in that it violates double jeopardy and constitutes an *245 ex post facto law, violates substantive and procedural due process protections, and violates his equal protection rights. In Westerheide v. State, 831 So.2d 93 (Fla. 2002), the Florida Supreme Court upheld the Ryce Act's constitutionality, rejecting the same arguments raised by appellant.
Appellant also argues that the Ryce Act deprives him of a right to privacy guaranteed by the Florida Constitution in that it waives privileged communication. The psychotherapist-patient privilege, listed in section 90.503(2), Florida Statutes, has been abrogated by the Legislature in Ryce Act proceedings. See § 394.9155(3), Fla. Stat. (2001). Privileges exist in Florida by virtue of either express statutory or constitutional provisions. As the supreme court noted in Westerheide, the Legislature has determined that the psychotherapist-patient privilege should not be recognized in Ryce Act proceedings to protect the patient and the public. See Westerheide, 831 So.2d at 103.
We conclude that the provisions which waive confidentiality during the treatment process do not render the Ryce Act a violation of the right to privacy. "The right of privacy does not confer a complete immunity from governmental regulation and will yield to compelling governmental interests." Winfield v. Div. of Pari-Mutuel Wagering, Dep't of Bus. Regulation, 477 So.2d 544 (Fla.1985). The right of privacy is a fundamental right and it demands a compelling state interest standard. Id at 547. The state has to justify the intrusion on privacy, and "[t]he burden can be met by demonstrating that the challenged regulation serves a compelling state interest and accomplishes its goal through the use of the least intrusive means." Id. "Before the right of privacy is attached and the delineated standard applied, a reasonable expectation of privacy must exist." Id. "Although a person's subjective expectation of privacy is one consideration in deciding whether a constitutional right attaches, the final determination of an expectation's legitimacy takes a more global view, placing the individual in the context of a society and the values that the society seeks to foster." Brd of County Comm'rs of Palm Beach County v. D.B., 784 So.2d 585, 590 (Fla. 4th DCA 2001).
Although a patient's medical records enjoy a confidential status by virtue of the right to privacy contained in the Florida Constitution, the state has a compelling interest in the "long-term control, care, and treatment" of sexually violent predators and accomplishes its goal through the use of the least intrusive means. See State v. Johnson, 814 So.2d 390, 393 (Fla.2002)(holding constitutional right to privacy protects medical records).
Section 394.921 provides:
In order to protect the public, relevant information and records that are otherwise confidential or privileged shall be released to the agency with jurisdiction, to a multidisciplinary team, or to the state attorney for the purpose of meeting the notice requirements of this part and determining whether a person is or continues to be a sexually violent predator. A person, agency, or entity receiving information under this section which is confidential and exempt from the provisions of s. 119.07(1) must maintain the confidentiality of that information. Such information does not lose its confidential status due to its release under this section.

(Emphasis supplied). The plain language of the statute imposes a duty to safeguard the confidential nature of information received and used by the government in determining whether a person is or continues to be a sexually violent predator. In *246 this instance the state's legitimate access to medical and psychological records outweighs Jackson's right to privacy.
Appellant further asserts that the Ryce Act violates his right against selfincrimination. We find no merit to this argument. See In re Beverly, 342 So.2d 481, 487-88 (Fla.1977)("The Fifth Amendment privilege is not designed to protect any disclosures which are made by a mental patient during a psychiatric examination and which will lead only to an assessment of his mental or emotional condition. The privilege has no application in commitment proceedings so long as the proceedings do not entangle him in any criminal prosecution.").
Finally, appellant argues that the trial court erred in admitting expert testimony, based upon actuarial instruments, to predict his likelihood of reoffending, because the instruments failed to satisfy the Frye test for novel scientific evidence. We conclude that the trial court did not err in determining that the actuarials are generally accepted in the relevant scientific community as part of the overall risk assessment for sexual predators. See generally In Detention of Strauss, 106 Wash.App. 1, 20 P.3d 1022 (2001)(upholding admissibility of MnSost, RRASOR, and VRAG, actuarial instruments that demonstrate likelihood to reoffend; instruments generally accepted in relevant scientific community).
Accordingly, we affirm the judgment of commitment.
AFFIRMED.
STEVENSON, TAYLOR, JJ., and OWEN, WILLIAM C., Senior Judge, concur.