STONE, J.
We reverse a declaratory judgment in which the trial court found that sections 63.087-088(5), Florida Statutes, relating to private adoptions under the Florida Adoption Act, were not unconstitutional. The Attorney General of Florida has intentionally failed to file a contesting brief and neither the attorney general nor the Palm Beach County State Attorney appeared at the hearing below.
Appellants are four women who have each executed a formal consent for adoption of their children and have authorized an intermediary to file a petition to terminate their parental rights. Because, in each case, the identity of the fathers is unknown, constructive notice is required under the challenged statutory provisions.
Appellants moved for declaratory relief, challenging sections 63.087 and 63.088(5) as violative of their right to privacy guaranteed under the Fourteenth Amendment of the United States Constitution and Article I, § 23 of the Florida Constitution. Although the trial court agreed that the provisions violated Appellants’ right to privacy, the court found that Appellants had failed to prove that the state did not have a compelling interest to invade their privacy or that the interest could be achieved through less intrusive means. The court did find that the statutes were unconstitutional as to the women whose pregnancy was a result of sexual battery.
Under the challenged statutes, Appellants would be forced to publish information relating to their sexual relations that may have led to the child’s conception. Section 63.087(6)(f) provides, in relevant part:
(f) The petition must include:
1. The minor’s name, gender, date of birth, and place of birth. The petition must contain all names by which the minor is or has been known, excluding the minor’s prospective adoptive name but including the minor’s legal name at the time of the filing of the petition, to allow interested parties to the action, including parents, persons having legal custody of the minor, persons with custodial or visitation rights to the minor, and persons entitled to notice pursuant to the Uniform Child Custody Jurisdiction Act or the Indian Child Welfare Act, to identify their own interest in the action.
2. If the petition is filed before the day the minor is 6 months old and if the identity or location of the father is unknown, each city in which the mother resided or traveled, in which conception may have occurred, during the 12 months before the minor’s birth, including the county and state in which that city is located.
3. Unless a consent to adoption or affidavit of nonpaternity executed by each person whose consent is required under s. 63.062 is attached to the petition, the name and the city of residence, including the county and state in which that city is located, of:
a. The minor’s mother;
*1062 b. Any man who the mother reasonably believes may be the minor’s father ....
§ 68.087(6)01-3, Fla. Stat. (2002).
Notice and service requirements are governed by section 63.088, Florida Statutes. Appellants challenge only subsection (5) of section 63.088, which states:
(5) LOCATION UNKNOWN OR IDENTITY UNKNOWN. This subsection only applies if, as to any person whose consent is required under s. 63.062 and who has not executed an affidavit of nonpaternity, the location or identity of the person is unknown and the inquiry under subsection (3) fails to identify the person or the diligent search under subsection (4) fails to locate the person. The unlocated or unidentified person must be served notice under subsection (2) by constructive service in the manner provided in chapter 49 in each county identified in the petition, as provided in s. 63.087(6). The notice, in addition to all information required in the petition under s. 63.087(6) and chapter 49, must contain a physical description, including, but not limited to, age, race, hair and eye color, and approximate height and weight of the minor’s mother and of any person the mother reasonably believes may be the father; the minor’s date of birth, and any date and city, including the county and state in which the city is located, in which conception may have occurred. If any of the facts that must be included in the notice under this subsection are unknown and cannot be reasonably ascertained, the notice must so state.
§ 63.088(5), Fla. Stat.
Article I, section 23 of the Florida Constitution, recognizes a right to privacy in this state and provides: “[e]very natural person has the right to be let alone and free from governmental intrusion into the person’s private life as otherwise provided herein.” This right to privacy encompasses at least two different categories of interest. The first is “the individual interest in avoiding disclosure of personal matters!.]” Rasmussen v. S. Fla. Blood Serv., Inc., 500 So.2d 533, 536 (Fla.1987)(quoting Whalen v. Roe, 429 U.S. 589, 599-600, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977)). The second is “the interest in independence in making certain kinds of important decisions.” Id. In deciding whether this constitutional right is impacted, the courts consider both the individual’s subjective expectation and the values of privacy that our society seeks to foster. Jackson v. State, 833 So.2d 243 (Fla. 4th DCA 2002).
The concern as to sections 63.087 and 63.088(5) is that the offending provisions substantially interfere with both a woman’s independence in choosing adoption as an alternative and with the right not to disclose the intimate personal information that is required when the father is unknown. We deem the invasion of both of these interests so patent in this instance as to not require our analysis of cases interpreting this constitutional provision. See generally, Von Eiff v. Azicri, 720 So.2d 510 (Fla.1998); In re T.W., 551 So.2d 1186 (Fla.1989).
Having thus determined that the statutes violate a fundamental right to privacy, the burden of proof shifted to the state to justify the intrusion on the mothers’ privacy. See Von Eiff, 720 So.2d at 514. The standard is one of strict scrutiny. The state has the burden of demonstrating that the challenged statutes serve a compelling state interest and that they accomplish the intended result, i.e., notice to fathers, through the use of the least intrusive means. Id.; Fla. Bd. of Bar Examiners Re: Applicant, 443 So.2d 71, *1063 74 (Fla.1983)(“The compelling state interest or strict scrutiny standard imposes a heavy burden of justification upon the state to show an important societal need and the use of the least intrusive means to achieve that goal.”).
The legislature’s intent in enacting the stringent notice provisions was to finalize private adoptions by ensuring that all possible avenues of affording parents their due process have been exhausted and to protect the child by ensuring that any future challenge to the adoption based on lack of notice would be unsuccessful.
The state has failed to demonstrate, however, how any compelling interest of either the putative father or the state outweighs the privacy rights of the mother and child in not being identified in such a personal, intimate, and intrusive manner.
We do not address the alternative proposals that have been raised by the appellants which are designed to ensure that notice is sufficient to protect the due process rights of the unknown fathers, such as by registration with a state or national database, or simply by a more narrowly tailored statute.
It is sufficient, here, given the state’s effective waiver of interest, to simply recognize that the state failed to demonstrate a sufficiently compelling interest for such an invasion of privacy and that the interests sought to be achieved could not have been accomplished by less intrusive means. Strict scrutiny imposes a heavy burden on the state. Fla. Bd. of Bar Examiners, 443 So.2d at 74. Thus, the trial court erred in placing the burden on Appellants to prove the state did not have a compelling interest and that the means used were not the least intrusive.
We conclude that the state failed to meet its burden of proof in demonstrating the validity of the challenged provisions. The state has, in effect, conceded that the statutes cannot survive a strict scrutiny challenge. Accordingly, the order on appeal is reversed. We remand for further proceedings as governed by the remainder of the statute.
WARNER and HAZOURI, JJ., concur.