848 So.2d 1167 (2003)
Everett Ward MILKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-60.
District Court of Appeal of Florida, Second District.
May 2, 2003.
Rehearing Denied July 7, 2003.
*1168 James Marion Moorman, Public Defender, and Anthony C. Musto, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Everett Ward Milks appeals an order designating him a sexual predator pursuant to the Florida Sexual Predators Act (the Act), section 775.21, Florida Statutes (2000). He argues that the Act violates constitutional principles of separation of powers and procedural due process. We affirm.
Mr. Milks entered a no contest plea to a charge of lewd and lascivious molestation and was sentenced to six and one-half years' imprisonment. Approximately four months later, the State sought to have Mr. Milks designated a sexual predator pursuant to section 775.21. Mr. Milks objected, arguing that the Act violated constitutional principles of separation of powers and procedural due process. The trial court overruled Mr. Milks' objections and held the Act constitutional. By order dated January 2, 2002, Mr. Milks was designated a sexually violent predator. Mr. Milks has appealed this postjudgment order.[1]
*1169 We must reject Mr. Milks' argument that the Act violates constitutional principles of separation of powers. See Kelly v. State, 795 So.2d 135 (Fla. 5th DCA 2001); cf. State v. Cotton, 769 So.2d 345 (Fla.2000) (holding Prison Releasee Reoffender Punishment Act, which took all sentencing discretion away from trial court and placed it in hands of prosecutor, did not violate separation of powers). With respect to Mr. Milks' procedural due process claim, we also affirm in light of the United States Supreme Court's decision in Connecticut Department of Public Safety v. Doe, ___ U.S. ___, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003).
Before the circuit and appellate courts, Mr. Milks has argued that the Act violates procedural due process because it publicly labels him as a dangerous sexual predator without providing him a hearing as to his actual dangerousness. Mr. Milks has relied primarily on Doe v. Department of Public Safety, 271 F.3d 38 (2d Cir.2001). In Doe, the Second Circuit held that a similar Connecticut act violated procedural due process because it deprived the defendant of a liberty or property interest by imposing a stigma upon him without providing a hearing to determine whether the defendant was dangerous. Doe, 271 F.3d 38 (citing Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1975)).[2]
After the parties filed their briefs in this case, the United States Supreme Court reversed Doe in Connecticut Department of Public Safety v. Doe, ___ U.S. ___, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). The Supreme Court held that even if a liberty or property interest was implicated in the Connecticut act, due process did not entitle the defendant to a hearing to establish whether he or she was dangerous, as that fact was not material under the statute. Id. at 1164.
The reporting requirements of Florida's act, like Connecticut's, are determined solely by a defendant's conviction for a specified crime. See § 775.21. The conviction itself is "a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest." Doe, 123 S.Ct. at 1164. Florida, like Connecticut, has decided that the public must have access to information about all convicted sex offenders, currently dangerous or not, and that those convicted sex offenders must face certain sanctions. Thus, procedural due process does not require a hearing to prove a fact irrelevant to the statutory scheme. Id.
The Supreme Court has not determined whether the Connecticut act or ones similar to it violate substantive due process. Id. at 1164-65. However, Mr. Milks, like Mr. Doe, has not raised that claim. Id. We therefore affirm the order designating Mr. Milks a sexual predator.
Affirmed.
SALCINES and COVINGTON, JJ., Concur.
NOTES
[1] The State has argued that this court lacks jurisdiction to review the order designating Mr. Milks a sexually violent predator because it was entered months after Mr. Milks entered a plea to the charges against him. See Coblentz v. State, 775 So.2d 359, 360 (Fla. 2d DCA 2000). We conclude that we have jurisdiction in this direct appeal of the trial court's order to review whether the sexual predator designation violates constitutional principles of separation of powers or procedural due process either pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D) or by way of certiorari. Cf. State v. Colley, 744 So.2d 1172 (Fla. 2d DCA 1999) (concluding that review by certiorari was appropriate in state appeal of order denying sexual predator designation).
[2] See also Espindola v. State, ___ So.2d ___, 2003 WL 118634, 28 Fla. L. Weekly D222 (Fla. 3d DCA Jan.15, 2003) (holding the Florida Sexual Predator Act unconstitutional, relying on Doe, 271 F.3d 38). At this time, Espindola is not a final opinion and therefore may be subject to withdrawal or revision. Accordingly, we decline to certify conflict with that decision.