851 So.2d 813 (2003)
Robert Louis GIVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3084.
District Court of Appeal of Florida, Second District.
July 30, 2003.
*814 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Robert Givens appeals his judgment and sentence for failure to register as a sexual offender. He contends that the sexual offender registration and notification requirements are unconstitutional as a violation of due process and that application of the registration statute to him violates the Ex Post Facto Clause. We affirm.
Givens argues that the sexual offender registration and notification requirements in sections 943.0435 and 944.607, Florida Statutes (2001), violate procedural due process because he was not afforded a hearing to determine whether he was a danger to the public before being subject to the statutory requirements. After the parties filed their briefs, this court in Milks v. State, 848 So.2d 1167 (Fla. 2d DCA 2003), held that the Florida Sexual Predators Act, section 775.21, Florida Statutes (2000), does not violate procedural due process and declined to follow Espindola v. State, 28 Fla. L. Weekly D222, ___ So.2d ____, 2003 WL 118634 (Fla. 3d DCA Jan.15, 2003). Givens states in his brief that his argument is the same as in Espindola, and he relies on that case to support his position. In Milks this court recognized that the United States Supreme Court had recently held in Connecticut Department of Public Safety v. Doe, ___ U.S. ____, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003), that under a Connecticut sexual offender statute, procedural due process "did not entitle the defendant to a hearing to establish whether he or she was dangerous, as that fact was not material under the statute." Milks, 848 So.2d at 1169. The relevant fact is whether the defendant has been convicted of a specific crime, and the defendant is entitled to procedural due process before that conviction is entered. See id.
Although Milks dealt with the sexual predator, not sexual offender, designation, we note that the sexual predator requirements are more onerous than the sexual offender requirements. Furthermore, the Fifth District has specifically held that the sexual offender registration and notification requirements do not violate procedural due process. See Johnson v. State, 795 So.2d 82, 89 (Fla. 5th DCA 2001). We agree and hold that Givens' procedural due process rights were not violated.
Givens also contends that the sexual offender registration statute violates ex post facto principles because section 943.0435 was enacted after Givens began serving his sentence. Again, after the parties filed their briefs, the United States Supreme Court held in Smith v. Doe, ___ U.S. ____, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), that the Alaska Sex Offender Registration Act is nonpunitive and that, therefore, its retroactive application does not violate the Ex Post Facto Clause. In addition, the First and Fourth Districts have held that section 943.0435 is procedural in nature and does not violate the Ex *815 Post Facto Clause. See Freeland v. State, 832 So.2d 923 (Fla. 1st DCA 2002); Simmons v. State, 753 So.2d 762 (Fla. 4th DCA 2000). We agree and hold that the application of section 943.0435 to Givens does not violate ex post facto principles. Accordingly, we affirm Givens' judgment and sentence for failure to register as a sexual offender.
Affirmed.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, concur.