854 So.2d 816 (2003)
Guadalupe REYES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1897.
District Court of Appeal of Florida, Fourth District.
September 10, 2003.
*817 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm an order of the trial court declaring Reyes a sexual predator. Reyes argues that Florida's Sexual Predator Act ("Act") violates his rights to procedural and substantive due process and violates the separation of powers clause of the Florida Constitution. We disagree.
Reyes pled guilty to the first-degree felony of attempted sexual battery on a person less than twelve years old, a lesser-included offense of sexual battery. After Reyes was sentenced, the prosecutor moved for entry of a written finding designating him a sexual predator pursuant to the Act.
Under the Act, the sentencing court must make a written finding at the time of sentencing that a defendant who has been convicted of a capital, life, or first-degree felony violation, or any attempt thereof where the victim is a minor and the defendant is not the victim's parent, is a sexual predator. §§ 775.21(4)(a)(1) and (5)(a)(1), Fla. Stat. (2001). A person who has been designated a sexual predator must register with the Department of Law Enforcement for the duration of his or her life. § 775.21(6), Fla. Stat. (2001).
With respect to procedural due process, Reyes argues that he should have been granted an evidentiary hearing before the court could designate him a sexual predator and urges this court to follow Espindola v. State, 2003 WL 118634 (Fla. 3d DCA 2003). There, the Third District held that the Act violated the defendant's procedural due process rights because it did not provide for a hearing to determine the risk of his committing future offenses. As he was denied such procedural due process, the Act was struck down by the Third District as unconstitutional. Id.
Subsequently, however, the United States Supreme Court addressed this issue in Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). There, the Supreme Court determined that Connecticut's version of the sex offender registry, which is *818 similar to ours[1], did not violate procedural due process, concluding that due process did not entitle the offender to a hearing to establish that he was no longer dangerous to society because that fact was irrelevant where registration turns on an offender's conviction alone. Such is the case in Florida, where section 775.21(3)(d) states:
The designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes.
We can discern no reason not to apply the Connecticut Department of Public Safety reasoning here. See Milks v. State, 848 So.2d 1167 (Fla. 2d DCA 2003)(citing Connecticut Department of Public Safety as basis for rejecting constitutional due process challenge to the Act).
As to substantive due process, Reyes claims that the registration requirements under the Act violate his right to privacy under Article I, section 23 of the Florida Constitution. Whether a statute violates the right to privacy requires evaluation under a compelling state interest standard. Bd. of County Comm'rs of Palm Beach Cty. v. D.B., 784 So.2d 585 (Fla. 4th DCA 2001). In Doe v. Poritz, 142 N.J. 1, 662 A.2d 367, 407 (1995), the Supreme Court of New Jersey held that its version of the Act did not violate an offender's right to privacy because the information disclosed was public information.
Even assuming, however, that the information disclosed pursuant to the Act is private under the federal or Florida constitutions, the stated and patent public purpose of the Act is a sufficiently compelling state interest justifying such an intrusion on privacy. See Jackson v. State, 833 So.2d 243 (Fla. 4th DCA 2002). Here, the legislature has expressly articulated the purpose of the Act in section 775.21(3), recognizing:
(a) Repeat sexual offenders, sexual offenders who use physical violence, and sexual offenders who prey on children are sexual predators who present an extreme threat to the public safety. Sexual offenders are extremely likely to use physical violence and to repeat their offenses, and most sexual offenders commit many offenses, have many more victims than are ever reported, and are prosecuted for only a fraction of their crimes. This makes the cost of sexual offender victimization to society at large, while incalculable, clearly exorbitant.
(b) The high level of threat that a sexual predator presents to the public safety, and the long-term effects suffered by victims of sex offenses, provide the state with sufficient justification to implement a strategy that includes:
* * *
3. Requiring the registration of sexual predators, with a requirement that complete and accurate information be maintained and accessible for use by law enforcement authorities, communities, and the public.
4. Providing for community and public notification concerning the presence of sexual predators.
5. Prohibiting sexual predators from working with children, either for compensation or as a volunteer.
(c) The state has a compelling interest in protecting the public from sexual predators and in protecting children from predatory sexual activity, and there is sufficient justification for requiring sexual predators to register and for requiring *819 community and public notification of the presence of sexual predators.
Here, as the state has a compelling interest in notifying the public of the release of sexual predators into their community, we conclude that the Act does not violate the offender's right to privacy.
Reyes also argues that the Act violates the separation of powers clause of Article II, section 3 of the Florida Constitution because it makes the sexual predator designation mandatory for all defendants who meet the statutory criteria, thus, removing from the trial court any discretion in making this determination. In Kelly v. State, 795 So.2d 135, 137 (Fla. 5th DCA 2001), the Fifth District rejected this argument as did the Second District in Milks, 848 So.2d at 1169. Cf. State v. Cotton, 769 So.2d 345 (Fla.2000)(holding that Prison Releasee Reoffender Punishment Act, although removing all discretion from trial court and transferring to state attorney, did not violate separation of powers clause); but see State v. Curtin, 764 So.2d 645 (Fla. 1st DCA 2000)(Padovano, J. concurring)(agreeing that Act requires sentencing court to impose sexual predator designation on defendant meeting statutory criteria but noting that by removing the court's discretion, Act appears to violate separation of powers clause).
We agree with Kelly and Milks and hold that the Act does not facially violate the separation of powers principle. In fact, as the supreme court has made clear, the separation of powers clause itself precludes our review of legislative policy that does not violate constitutional principles:
Where a statute does not violate the federal or state Constitution, the legislative will is supreme, and its policy is not subject to judicial review. The courts have no veto power, and do not assume to regulate state policy; but they recognize and enforce the policy of the law as expressed in valid enactments, and decline to enforce statutes only when to do so would violate organic law.
Sebring Airport Authority v. McIntyre, 783 So.2d 238, 244-45 (Fla.2001).
Therefore, the order is affirmed.
STEVENSON and MAY, JJ., concur.
NOTES
[1] We recognize that the Connecticut statute does not contain the employment restriction placed in Florida's statute. We do not, however, deem this distinction significant.