PER CURIAM.
Pedro J. Valentin appeals his designation as a sexual predator pursuant to section 775.21, Florida Statutes (2002), Florida’s Sexual Predator Act, (“FSPA”). Valentin relies on Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003), in support of his allegation that the FSPA violates procedural due process by not providing a hearing before classifying a defendant as a sexual predator.
All of the other district courts have disagreed with Espindola and have certified conflict as we do now in the instant case. See, e.g., Martin v. State, 864 So.2d 589 (Fla. 5th DCA 2004); Frazier v. State, 29 Fla. L. Weekly D369 (Fla. 1st DCA Feb.6, 2004); Reyes v. State, 854 So.2d 816 (Fla. 4th DCA 2003); Milks v. State, 848 So.2d 1167 (Fla. 2d DCA 2003), review granted, 859 So.2d 514 (Fla.2003). See also Connecticut Dep’t of Public Safety v. Doe, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003).
The designation is affirmed.
AFFIRMED; CONFLICT CERTIFIED.
PETERSON, GRIFFIN and ORFINGER, JJ., concur.