PER CURIAM.
Thomas Sigler (defendant) appeals the summary denial of what the trial court properly deemed to be a rule 3.800(a) motion to correct illegal sentence.[1] He challenges his “sexual predator” status. We affirm.
The defendant first contends that his sexual predator designation must be stricken pursuant to State v. Robinson, 873 So.2d 1205 (Fla.2004). In Robinson, the Supreme Court issued a narrow holding that the designation as a sexual predator violates the defendant’s right to due process of law in situations where the defendant is not convicted of an offense involving a sexual act. The Robinson case is inapplicable here because this case involves a conviction for forcing or enticing a child to commit a lewd, lascivious, or indecent act; clearly, an offense that involves a sexual act.
Next, the defendant asserts that the Florida Sexual Predator Act is facially unconstitutional as being violative of procedural due process, citing to Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003). However, this court, as well as all of the other district courts, have disagreed with Espindola and certified conflict therewith. See Frazier v. State, 29 Fla. L. Weekly D369, 2004 WL 221043, — So.2d - (Fla. 1st DCA Feb.6, 2004); Martin v. State, 864 So.2d 589 (Fla. 5th DCA 2004); Reyes v. State, 854 So.2d 816 (Fla. 4th DCA 2003); Milks v. State, 848 So.2d 1167 (Fla. 2d DCA), rev. granted, 859 So.2d 514 (Fla.2003).
We therefore affirm and once again certify conflict with Espindola.
AFFIRMED.
PALMER, MONACO and TORPY, JJ., concur.

. See Fla. R.Crim. P. 3.800.