ERVIN, J.,
concurring.
Dennis Kensler appeals the dismissal of his motion to vacate his designation as a sexual predator, filed pursuant to Florida Rule of Criminal Procedure 3.850, on the ground that the statute on which it was based, section 775.21, Florida Statutes (2003), violates procedural due process, in that before he was so designated, no hearing was afforded him to determine whether his prior conviction of a sexual crime posed a danger to the public. Without reaching the merits, the lower court dismissed the motion as being procedurally barred in a post-conviction proceeding. The question of whether a defendant can launch a constitutional challenge to the Florida Sexual Predator Act (sections 775.21-775.25, Florida Statutes) in a criminal forum is one which this court has not yet specifically addressed, although it appears that we have, on at least one occasion, rejected on the merits a similar constitutional attack in an appeal from the denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b). See Thaden v. State, 874 So.2d 1238 (Fla. 1st DCA 2004).[1]
Thaden, while affirming the lower court’s rejection of appellant’s argument that the Act violated his right to procedural process, nonetheless certified conflict with Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003) (on mot. for reh’g), *283 notice of appeal filed, No. SC03-2103 (Fla. Nov. 10, 2003), which had held to the contrary that the statute was unconstitutional. In so doing, Thaden followed this court’s prior decision in Therrien v. State, 859 So.2d 585 (Fla. 1st DCA 2003), review granted, No. SC03-2219 (Fla. Dec. 19, 2003), and those of three other appellate districts. See Glenn v. State, 861 So.2d 1289 (Fla. 5th DCA 2004); Reyes v. State; 854 So.2d 816 (Fla. 4th DCA 2003); Milks v. State, 848 So.2d 1167 (Fla. 2d DCA), review granted, 859 So.2d 514 (Fla.2003).
In addition to the split between the above districts on the constitutional issue, there is a division regarding whether a defendant can challenge a sexual predator designation in a criminal post-conviction proceeding. The Second District holds that such designations are civil in nature; therefore, neither rule 3.800(a) nor 3.850 is available to a defendant to mount such challenge, and the proper means of grieving one’s claim is via a motion for relief from judgment under Florida Rule of Civil Procedure 1.540. See Smeltz v. State, 818 So.2d 538 (Fla. 2d DCA 2002). Accord Szuch v. State, 780 So.2d 290 (Fla. 4th DCA 2001). But see Sigler v. State, 877 So.2d 858 (Fla. 5th DCA 2004); Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003).
In dismissing appellant’s 3.850 motion for the reason that it was procedurally barred, the lower court specifically relied on Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998), stating that because a sexual-predator designation is neither a sentence nor a punishment, the rules of criminal procedure do not apply to a claim seeking invalidation of the Sexual Predator Act. As stated, this court has never decided the issue. In my judgment, the question is ripe for decision. Because resolution of the constitutional issue relating to the Sexual Predator Act is pending before the Florida Supreme Court, appellant should not be denied the opportunity, by this court’s issuance of a PCA, to seek review before the supreme court. As the supreme court recently explained, a district court’s issuance of a PCA has well-nigh conclusive effect. R.J. Reynolds Tobacco Co. v. Kenyon, 882 So.2d 986 (Fla. 2004). If the effect of the majority’s PCA is a tacit approval of the lower court’s reason for dismissal, our affirmance should be without prejudice to Kensler’s right to raise his constitutional challenge in a civil forum.

. Nothing appears from the face of Thaden that it is an appeal from the denial of such motion. This court is of course entitled to take judicial notice of its own records, which reveal such fact. I note also that without directly addressing the question of whether a constitutional claim to a sexual-predator designation can be raised in post-conviction motion, this court, in an appeal from the denial of a motion to correct sentencing error filed under rule 3.800(b), addressed the merits of the constitutional issue and affirmed the denial. See Smith v. State, 871 So.2d 296 (Fla. 1st DCA 2004).