886 So.2d 430 (2004)
Morris K. ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2376.
District Court of Appeal of Florida, Second District.
November 17, 2004.
*431 STRINGER, Judge.
Morris K. Anderson challenges the summary denial of his motion for postconviction relief. He alleges that his designation as a sexual predator violates his right to due process because the statute under which he was so designated fails to provide procedural safeguards. We affirm.
In its brief order denying Anderson's motion, the trial court cited to Milks v. State, 848 So.2d 1167 (Fla. 2d DCA 2003), and Givens v. State, 851 So.2d 813 (Fla. 2d DCA 2003). In both Milks and Givens, this court held that procedural due process did not require a hearing to prove a defendant's actual dangerousness before designating him as a sexual predator. This line of reasoning is in conflict with the Third District's opinion in Espindola v. State, 855 So.2d 1281 (Fla. 3rd DCA 2003) (holding that the absence of a provision allowing for a hearing to determine whether a defendant presents a danger to the public sufficient to require registration and public notification violates procedural due process).
However, Milks, Givens, and Espindola are appeals of final orders declaring the defendants "sexual predators." The order on appeal here is the denial of a motion for postconviction relief, and such a claim may not be raised pursuant to either Florida Rule of Criminal Procedure 3.800 or 3.850. See Angell v. State, 712 So.2d 1132 (Fla. 2d DCA 1998). But see Kidd v. State, 855 So.2d 1165 (Fla. 5th DCA 2003); Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003) (holding that a claim of error regarding a sexual predator designation "must be preserved by contemporaneous objection or a timely Rule 3.800(b) motion").
As in Angell, our affirmance is without prejudice to Anderson's right to pursue any available civil remedies. See Angell, 712 So.2d at 1132; see also Jackson v. State, 801 So.2d 212 (Fla. 2d DCA 2001).
Affirmed.
FULMER and WALLACE, JJ., Concur.