VILLANTI, Judge.
Robert Draves entered a plea of nolo contendere to lewd assault (count one) and lewd or lascivious molestation (count two). Pursuant to Draves’ plea agreement with the State, the trial court orally sentenced him to ten years’ imprisonment on count two, followed by ten years’ probation on count one. Despite the oral pronouncement, the trial court’s written sentence reflects that Draves was sentenced to concurrent terms of imprisonment on both counts, followed by concurrent terms of probation on both counts. Draves raised this issue in a motion to correct illegal sentence. The State concedes that Draves’ sentence must be corrected to conform with the oral pronouncement. See Ashley v. State, 850 So.2d 1265, 1268 (Fla.2008). Accordingly, we reverse and remand for correction of the sentencing documents.
Draves filed an additional motion to correct sentence challenging his sexual predator designation on procedural due process grounds, citing Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003) (determining that the sexual predator designation requirements of the Jimmy Ryce Act violate procedural due process). Draves acknowledges that Espindola conflicts with Milks v. State, 848 So.2d 1167 (Fla. 2d DCA), review granted, 859 So.2d 514 (Fla.2003), and requests that we again certify conflict so that his argument may also be preserved for review. We so certify.
Reversed and remanded for correction of sentence; conflict certified.
CASANUEVA and KELLY, JJ„ Concur.