WELLS, Judge.

ON REMAND

This case stems from the summary denial of a Rule 3.850 motion for post-conviction relief and is before us on remand from the Florida Supreme Court. Relying on Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003), where this court found the Florida Sexual Predators Act unconstitutional on procedural due process grounds, this court reversed the denial of Swindle’s 3.850 motion and certified conflict with Milks v. State, 848 So.2d 1167 (Fla. 2d DCA 2003), in which the Second District rejected a similar procedural due process challenge to the same act. See Swindle v. State, 919 So.2d 462 (Fla. 3d DCA 2004).
The Florida Supreme Court, finding that the Act does not violate procedural due process, has now reversed Espindola, quashed our earlier decision based on that case, and remanded this matter for reconsideration in light of that reversal. See Milks v. State, 894 So.2d 924 (Fla.2005) (holding that the Florida Sexual Predators Act does not violate procedural due process); State v. Swindle, 923 So.2d 456 (Fla.2006) (quashing Swindle v. State, 919 So.2d 462 (Fla. 3d DCA 2004), and remanding for reconsideration). We therefore substitute this opinion affirming in all respects the order denying Swindle’s motion for post-conviction relief for our earlier decision in Swindle v. State, 919 So.2d 462 (Fla. 3d DCA 2004).
Accordingly, the order denying Swindle’s Rule 3.850 motion is in all respects affirmed.