699 So.2d 346 (1997)
Randy FLETCHER, et al., Appellants,
v.
STATE of Florida, Appellee.
No. 96-3075.
District Court of Appeal of Florida, Fifth District.
September 26, 1997.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Judge.
All of the appellants had been separately convicted of various sex offenses prior to the enactment of the Florida Sexual Predators Act, section 775.21, Florida Statutes (Supp. 1996). Subsequent to enactment, the state invoked the provisions of subsection 775.21(4)(a)2 to have the appellants classified as sexual predators. The appellants claim that: (1) section 775.21 violates the constitutional prohibition against the enactment of ex post facto laws and (2) the trial court had no jurisdiction to label them as sexual predators because the declaration modified their sentences more the 60 days after their imposition in violation of Florida Rule of Criminal Procedure 3.800.
The overriding purpose of the legislation designating certain individuals as "sexual *347 predators" and requiring these individuals to register themselves is to protect the public from repeat sex offenders, sex offenders who use violence, and those who prey on children. See § 775.21(3), Fla. Stat. (Supp. 1996). Courts are almost universal in recognizing that registration requirements for sexual predators are designed to enable the public to protect itself from dangers posed by sexual predators who are widely regarded as having high risks of recidivism. These courts recognize that registration statutes are regulatory in nature and do not constitute punishment subject to constitutional ex post facto challenges. See Doe v. Poritz, 142 N.J. 1, 662 A.2d 367 (1995); State v. Ward, 123 Wash.2d 488, 869 P.2d 1062 (1994); State v. Noble, 171 Ariz. 171, 829 P.2d 1217 (1992); People v. Adams, 144 Ill.2d 381, 163 Ill.Dec. 483, 581 N.E.2d 637 (1991). Cf. Rowe v. Burton, 884 F.Supp. 1372(D.Alaska 1994) and In re Reed, 33 Cal.3d 914, 191 Cal.Rptr. 658, 663 P.2d 216 (1983). We hold that section 775.21 violates neither the ex post facto clause nor Rule 3.800 because the designation "sexual predator" is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes.
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.