724 So.2d 635 (1998)
Peter A. PISARRI, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2086
District Court of Appeal of Florida, Fifth District.
December 31, 1998.
*636 Peter A. Pisarri, Orlando, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Locksley O. Wade, Assistant Attorney General, Tampa, for Appellee.
ORFINGER, M., Senior Judge.
Some thirteen months after appellant was sentenced for attempted sexual battery of a child under twelve years of age, the trial court entered a written order declaring him to be a sexual predator and requiring him to comply with the registration requirements of section 775.22, Florida Statutes (1993). Pursuant to section 775.21(4)(a), Florida Statutes (Supp.1996), Florida Department of Law Enforcement (FDLE) is required to place a defendant's name on its list of sexual predators once a court makes a written finding that a defendant is a sexual predator.
Appellant sought a writ of mandamus to compel FDLE to remove his name from that list and appeals the denial of his petition. However, mandamus is available only to enforce a clear legal right to the performance of a particular duty, where there is no other legal method of obtaining relief. Pino v. District Court of Appeal, Third District, 604 So.2d 1232 (Fla.1992). Based upon the trial court's order, FDLE was required to place appellant's name on the list of sexual predators and was thus performing its legal duty. If the trial court erroneously found appellant to be a sexual predator, an appeal from that order would have been the appropriate remedy. See Downs v. State, 700 So.2d 789 (Fla. 2d DCA 1997). The fact that some time intervened between appellant's sentencing and the court's determination that appellant was a sexual predator would not, in and of itself, make that finding erroneous. See Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998), rev. denied, No. 93,032 (Fla. Aug. 7, 1998); Macias v. State, 708 So.2d 1044 (Fla. 4th DCA 1998); Fletcher v. State, 699 So.2d 346 (Fla. 5th DCA 1997), rev. denied, 707 So.2d 1124 (Fla.1998);
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.