775 So.2d 359 (2000)
Leander J. COBLENTZ, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2568.
District Court of Appeal of Florida, Second District.
October 27, 2000.
Rehearing Denied November 27, 2000.
*360 ALTENBERND, Acting Chief Judge.
Leander J. Coblentz, Jr., appeals the trial court's order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm without prejudice to Mr. Coblentz's seeking relief through a civil remedy. See Angell v. State, 712 So.2d 1132 (Fla. 2d DCA 1998).
In July 1999, Mr. Coblentz entered a nolo contendere plea to two counts of handling and fondling and one count of indecent exposure. These offenses allegedly occurred in September 1997. Mr. Coblentz received sentences totaling 102.15 months' prison, followed by 1 year of community control and 5 years' probation. He does not contest these sentences.
Apparently, the trial court also declared that Mr. Coblentz was a sexual predator pursuant to section 775.21(4)(c), Florida Statutes (1997). We assume from our record that the trial court made this separate "written finding" at the sentencing hearing. See § 775.21(5)(a)(1), Fla. Stat. (1997). Mr. Coblentz's attorney did not file a direct appeal of this finding.
Candidly, we are uncertain what appellate remedy was available to Mr. Coblentz at that point in time. It would appear that Mr. Coblentz entered into a voluntary plea in the criminal case and that his sentence was lawful. He had no basis for an appeal in his criminal case. See Leonard v. State, 760 So.2d 114, 119 (Fla.2000). This court has held that the sexual predator status is not a portion of the sentence. See Collie v. State, 710 So.2d 1000, 1006 (Fla. 2d DCA), review denied, 722 So.2d 192 (Fla.), and cert. denied, 525 U.S. 1058, 119 S.Ct. 624, 142 L.Ed.2d 563 (1998). It is not clear to us that he had a right to court-appointed counsel to pursue an appeal of this civil finding.
Mr. Coblentz claims that he does not qualify as a sexual predator. His convictions are second-degree felonies. Under section 775.21(4)(c) he would qualify as a sexual predator only if he had a prior conviction for an enumerated crime. He claims that he has no such prior conviction. The State has not disputed his claim in this record.
In Angell, 712 So.2d 1132, this court held that a person in Mr. Coblentz's situation should seek a civil remedy. We suggested that an action for declaratory relief might be the appropriate vehicle. We note that Mr. Coblentz filed his motion within a year of the entry of the order determining sexual predator status. It is arguable that the trial court could, and perhaps should, have treated this motion as a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540.
Thus, although we affirm the order on appeal, we are convinced that Mr. Coblentz and others in his situation should have some vehicle to review the civil order that determines their status as sexual predators. At least from a practical perspective, we doubt that a pro se right to seek a direct appeal of this civil proceeding within thirty days of sentencing is a workable solution.
On remand, we would encourage Mr. Coblentz to file a civil proceeding in hopes both that the merits of his case can be tested and that the trial court can be given an opportunity to devise a workable mechanism to resolve such claims. At this point, we decline to certify this question to the supreme court as a matter of great public importance, but we are sending a copy of this opinion to The Florida Bar Criminal Procedure Rules Committee and Appellate Court Rules Committee for consideration.
Affirmed.
WHATLEY and SALCINES, JJ., Concur.