846 So.2d 1217 (2003)
Moreland NICHOLSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1827.
District Court of Appeal of Florida, Fifth District.
June 6, 2003.
*1218 Terrence E. Kehoe, Orlando, and Donald R. West, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Moreland Nicholson ["Nicholson"], a teacher, was arrested for sexually abusing two students. He was charged in two informations with numerous offenses, but was allowed to plead guilty in each case to one count of lewd or lascivious molestation of a person between twelve and sixteen years of age. He was not promised any particular sentence, but the plea provided that both cases would be scored on a single scoresheet. The plea further provided that he might be subject to sex offender probation, but was silent on the issue of designation as a sexual predator.
At sentencing, Nicholson was orally sentenced on each count to ten years in the Department of Corrections, followed by five years' sex offender probation, both sentences to be served concurrently. The court also ordered restitution. Again no mention was made of sentencing Nicholson as a sexual predator. The written judgment and sentences entered the following day mirrored the oral pronouncements, except that this time Nicholson was declared to be a "sexual predator" with respect to each sentence.
Nicholson now complains on appeal that he did not qualify for sentencing as a sexual predator under section 775.21, Florida Statutes (1999), and that it was error to designate him as such. We agree. The offenses to which he pled guiltytwo counts of lewd or lascivious molestation of a person between twelve and sixteen years of ageare not "capital, life, or first-degree" felonies, or "any attempt thereof," under section 775.21(4)(a)1.a. He cannot be designated a sexual predator under section 775.21(4)(a)1.b. because he had not previously been convicted of one of the qualifying offenses. His convictions for two separate offenses, which occurred at the same time and were scored on the same scoresheet, also do not qualify him for sentencing as a sexual predator. § 775.21(4)(b), Fla. Stat. (1999).
The State seemingly concedes that the sexual predator designation is a "scrivener's error," but argues that the issue was not preserved for appeal by objection or by motion pursuant to Rule 3.800(b). Nicholson could not have objected to this designation at sentencing because the designation was not made until after sentencing. As for Rule 3.800(b), defendant brings to our attention a line of cases from the Second District Court of Appeal clearly holding that Rule 3.800(b) is not applicable to a sexual predator designation because such a designation is neither a sentence nor a punishment. Smeltz v. State, 818 So.2d 538 (Fla. 2d DCA 2002); Coblentz v. State, 775 So.2d 359 (Fla. 2d DCA 2000); Angell v. State, 712 So.2d 1132 (Fla. 2d DCA 1998).[1] This court has *1219 agreed that the sexual predator designation is neither a sentence nor punishment,[2] but we have not directly confronted whether Rule 3.800(b) is available to correct an erroneous designation or to preserve the error for appellate review.[3] The above-cited cases from our sister court indicate with perverse logic that if a sexual predator designation is not a sentence or a punishment, it cannot be reviewed within the rubric of a criminal proceeding. Smeltz, 818 So.2d at 539. The reasoning of Smeltz is that if this designation is not criminal, then any remedy must be civil. In Angell, the court suggested the defendant file a civil declaratory action; in Coblentz and Smeltz, a motion for relief from judgment under Florida Rule of Civil Procedure 1.540 was suggested.
We elect to take a simpler approach, although we echo the Second District's view that a rule would be helpful. Coblentz, 775 So.2d at 360. Since the courts have painted ourselves into the "no sentence, no punishment" corner, however, it is difficult even to imagine which rules committee might take this task in hand.
We take the view that it doesn't much matter that a sexual predator designation is not a sentence or a punishment. Under the statutory scheme set forth in section 775.21(5)(a)1., when the defendant is before the court for sentencing for a current offense, the sentencing court must make a "written finding" that the person is a sexual predator at the time of sentencing. This is, therefore, a function of the criminal court as a part of the sentencing procedure. Rule 3.800 expressly applies to any "sentencing error." We think a sentencing error is not only an error in a "sentence" but also any error that occurs as part of the sentencing process.
When a claim of a sexual predator designation error is made, the trial judge who made the designation is the one in the best position to evaluate the claim and to correct the error. Therefore, the trial judge is the one to whom the error must first be raisedeither during the sentencing proceeding or thereafter. The time frames applicable to criminal appeals will govern and all proceedings will remain under the file number of the case in which this designation was made. The designee will have counsel to assist the court. If the sexual predator designation were merely a civil proceeding somehow appended to a criminal case and either a declaratory judgment action or a Rule 1.540 motion were the only vehicles for relief, the time frames would expand greatly, the difficulty and cost of the proceedings would explode, the judge evaluating the claim of error may well have no knowledge of the law or prior proceedings, indigent defendants would be pro se and who knows who would represent the State. Given these alternatives, we choose the sensible one and conclude that this has to be a "sentencing error" to which Rule 3.800 applies. From now on, this error must be preserved by contemporaneous objection or a timely Rule 3.800(b) motion. In this case, however, given the State's concession that the designation was erroneous, we herewith strike it.
*1220 Sexual predator designation STRICKEN.
PALMER and TORPY, JJ., concur.
NOTES
[1] In Wade v. State, 728 So.2d 284, 285 (Fla. 2d DCA 1999), the court found Rule 3.800 inapplicable, but nevertheless reversed the designation, apparently concluding that preservation was not required.
[2] Kelly v. State, 795 So.2d 135, 138 (Fla. 5th DCA 2001). This court has also held that Rule 3.800(c), "Reduction and Modification" of a legal "sentence", does not apply to a "sexual predator" designation. Fletcher v. State, 699 So.2d 346 (Fla. 5th DCA 1997).
[3] We have already taken the view that the issue is subject to review in the criminal case by direct appeal. Nicholas v. State, 844 So.2d 826 (Fla. 5th DCA 2003).