855 So.2d 681 (2003)
Leander J. COBLENTZ, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3883.
District Court of Appeal of Florida, Second District.
October 1, 2003.
*682 Leander J. Coblentz, Jr., pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Leander J. Coblentz appeals the trial court order which summarily denied his motion for relief from judgment filed pursuant to Florida Rule of Civil Procedure 1.540(b). We reverse the trial court's order and remand for further consideration of the motion.
In July 1999, Mr. Coblentz entered a plea of nolo contendere to two counts of handling and fondling and one count of indecent exposure. He was sentenced to prison followed by community control and probation. He was declared to be a sexual predator pursuant to section 775.21(4)(c), Florida Statutes (1997).
Mr. Coblentz filed a motion to correct illegal sentence seeking to challenge the sexual predator designation. The trial court denied relief. In Coblentz v. State, 775 So.2d 359, 360 (Fla. 2d DCA 2000),[1] the trial court's decision was affirmed and Mr. Coblentz was encouraged to file a "civil proceeding in hopes both that the merits of his case can be tested and that the trial court can be given an opportunity to devise a workable mechanism to resolve such claims." Id. at 360.
Mr. Coblentz followed this court's advice and filed a motion for relief from judgment pursuant to rule 1.540(b). The trial court denied the motion and noted that Mr. Coblentz had filed two previous motions to correct illegal sentence, the denials of which had been affirmed on appeal. See Coblentz, 775 So.2d 359; Coblentz v. State, 785 So.2d 480 (Fla. 2d DCA 2001). The motion was denied without any discussion of its merits.
The trial court has broad discretion in determining whether to grant relief from judgment. Kroner v. Singer Asset Fin. Co., L.L.C., 814 So.2d 454, 456 (Fla. 4th DCA 2001). Generally an order entered pursuant to Florida Rule of Civil Procedure 1.540(b) is reviewed under a gross abuse of discretion standard. Tilden Groves Holding Corp. v. Orlando/Orange County Expressway, 816 So.2d 658, 660 (Fla. 5th DCA 2002).
The State has conceded that the order is erroneous. We agree that the trial court grossly abused its discretion when it failed to address the merits of Mr. Coblentz's motion. Accordingly, we reverse the order denying the motion for relief from judgment and remand for the trial court to attach documentation which demonstrates that Mr. Coblentz qualifies for treatment as a sexual predator or to conduct a hearing to determine if he qualifies for such treatment.
Reversed and remanded with directions.
ALTENBERND, C.J., and KELLY, J., Concur.
NOTES
[1] We note that in Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003), the Fifth District has declined to follow our opinion.