884 So.2d 482 (2004)
Humberto CABRERA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2367.
District Court of Appeal of Florida, Fifth District.
October 8, 2004.
Ricardo R. Pesquera, Orlando, for Appellant.
*483 Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Humberto Cabrera appeals the judgment and sentences imposed pursuant to a jury verdict finding him guilty of sexual battery on a mentally defective person, two counts of battery and two counts of lewd and lascivious behavior. Of the several issues Cabrera raises, we write to address two: (1) whether his convictions for the two counts of lewd and lascivious behavior violate the Double Jeopardy Clauses of the Florida and federal constitutions, and (2) whether his designation as a sexual predator should be reversed. We answer the first question in the affirmative and reverse one conviction of lewd and lascivious behavior; as to the second, Cabrera's failure to preserve the issue precludes appellate review. We will briefly explain our conclusions. Regarding the other issues raised by Cabrera, we affirm without discussion.[1]
While Cabrera and his mentally challenged victim were together in a swimming pool, Cabrera committed the two alleged acts of lewd and lascivious behavior. Specifically, count four of the information alleged that Cabrera touched the breasts of the victim and count five alleged that he touched the buttocks of the victim. The State charged that each act was committed in violation of section 798.02, Florida Statutes (2002), which provides:
If any man and woman, not being married to each other, lewdly and lasciviously associate and cohabit together, or if any man or woman, married or unmarried, engages in open and gross lewdness and lascivious behavior, they shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
The evidence reveals that Cabrera and the victim were in the pool a relatively short period of timeapproximately thirty minutes. The victim's mother, who was present at the pool, testified that the inappropriate touching occurred within a span of minutes. Cabrera alleges that he was improperly convicted of both counts because the touching occurred during one criminal episode and therefore, his multiple convictions violate double jeopardy principles.
In Hunsicker v. State, 881 So.2d 1166 (Fla. 5th DCA 2004), we explained the analysis that should be employed to determine whether two convictions arise from a single criminal episode:
"The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17, 19 (Fla. 2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)); see also Cruller v. State, 808 So.2d 201, 203 (Fla.2002). If the Legislature did not clearly express *484 its intention to authorize separate punishments, the courts must resort to the test of statutory construction established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), now codified in section 775.021(4), Florida Statutes (2002). Cruller; Gordon; M.P. The court in Cruller emphasized that if there is a clear expression of legislative intent to require two separate punishments analysis ends and we do not resort to the Blockburger test. In accordance with Cruller, we begin our search for clear legislative intent by examining the language, structure, and legislative history of section 800.04. Cruller, 808 So.2d at 203.
Id. at 1170.
Our examination of the language, structure and legislative history of section 798.02 leads us to conclude that there is no clear legislative intent to authorize two separate punishments for acts of lewd and lascivious behavior alleged to be in violation of the statute. Moreover, our application of the Blockburger[2] analysis codified in section 775.021(4) does not lead us to conclude that each act in violation of the statute is a separate offense. We, therefore, advert to the proper legal analysis to determine whether the acts for which Cabrera was convicted occurred during a single criminal episode. Hunsicker. Because there was not a sufficient temporal break between the two acts on which counts four and five are based to have allowed Cabrera time to pause, reflect and form a new criminal intent for each offense, both acts occurred in a single criminal episode. Id. Hence, both convictions violate double jeopardy principles and, accordingly, we affirm Cabrera's conviction on one count and reverse his conviction for the other and remand for resentencing.
Regarding the alleged erroneous sexual predator designation, this court held in Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003), that an erroneous designation as a sexual predator under section 775.21, Florida Statutes (2002), is a sentencing error that must be properly preserved for review. If it is not, the defendant may not raise it for the first time on appeal. When Cabrera was sentenced, he did not object, and he has not filed an appropriate motion pursuant to rule 3.800(b), Florida Rules of Criminal Procedure. Therefore, he has not properly preserved this issue for review by this court and, because we are bound by the decision in Nicholson, we must affirm without prejudice to Cabrera to raise it in a proper motion pursuant to rule 3.800(a) or rule 3.850. We certify conflict with Coblentz v. State, 775 So.2d 359 (Fla. 2d DCA 2000), review denied, 789 So.2d 344 (Fla.2001), and Angell v. State, 712 So.2d 1132 (Fla. 2d DCA 1998).
AFFIRMED in part, REVERSED in part, and REMANDED.
PLEUS and PALMER, JJ., concur.
SAWAYA, C.J., concurs specially with opinion.
SAWAYA, C.J. concurring specially.
Although I concur with the majority opinion, I write to explain my reluctant concurrence regarding the issue raised by Cabrera concerning his designation as a sexual predator. Cabrera contends that his sexual predator designation should be reversed, arguing that he was denied due process because he was not afforded a hearing and the State failed to establish the necessary requirements to qualify him for the designation. The State contends that Cabrera raises a sentencing error that *485 he failed to preserve for review because he did not object at the appropriate time and did not file a motion pursuant to rule 3.800(b), Florida Rules of Criminal Procedure. In Brannon v. State, 850 So.2d 452 (Fla.2003), the court explains that there is no longer fundamental sentencing error: If the alleged error was not properly preserved for review, the error may not be raised on direct appeal and the defendant will be left to pursue his or her remedy via a proper postconviction relief motion. On the other hand, if the error is not a sentencing error, the fundamental error rule may apply to allow the unpreserved error to be raised for the first time on appeal. Therefore, the central issue is whether the designation of a defendant as a sexual predator pursuant to section 775.21, Florida Statutes (2002), is a sentencing error.
This issue has been addressed by this court and the Second District Court, and divergent views have emerged. In Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003), this court held that an erroneous designation under section 775.21 is a "sentencing error," which it broadly defined as "any error that occurs as part of the sentencing process." Id. at 1219. Adopting a simplistic approach regarding sexual predator designations, this court held that an erroneous designation falls within the definition of "sentencing error" because section 775.21(5)(a)1.[1] requires that the designation be made at the time of sentencing. See also Kidd v. State, 855 So.2d 1165 (Fla. 5th DCA 2003). In Angell v. State, 712 So.2d 1132 (Fla. 2d DCA 1998), the Second District Court took a completely different approach and held that designation proceedings under the statute are civil actions. See also Coblentz v. State, 775 So.2d 359 (Fla. 2d DCA 2000). I very respectfully submit that the views adopted by both courts are incompatible and inconsistent with the provisions of section 775.21, Florida Statutes. Thus, I write to assert a third approach. I believe that an erroneous designation as a sexual predator is an error committed in a criminal proceeding that relates to the defendant's conviction for the qualifying offense. Such an error may, therefore, be raised for the first time on appeal provided it qualifies as a fundamental error. I conclude that Cabrera, having argued that his due process rights were violated, has alleged a fundamental error that may be raised for the first time on appeal.[2] Accordingly, we should decide this issue on the merits rather than summarily affirm pursuant to the preservation of error rule applicable to sentencing errors.
I reach this conclusion based on the provisions of section 775.21 and the nature of a sexual predator designation. Section 775.21(3)(d), Florida Statutes (2002), specifically provides that "[t]he designation of a person as a sexual predator is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes." In State v. Robinson, 873 So.2d 1205 (Fla.2004), the court recently *486 held that an order designating an individual as a sexual predator is directly appealable under Florida Rule of Appellate Procedure 9.140, which provides that "[a] defendant may appeal ... orders entered after final judgment or finding of guilt...." Fla. R.App. P. 9.140(b)(1)(D). In Robinson, the court explained:
The district court had jurisdiction to review the order under Florida Rule of Appellate Procedure 9.140(b)(1)(C), which grants appellate jurisdiction over criminal court orders "entered after final judgment or finding of guilt." See also art. V, § 4(b)(1), Fla. Const. (granting district courts authority to review interlocutory orders to the extent provided by rules of the Supreme Court). The designation of an offender as a sexual predator is based on the offender's conviction for one of the crimes specified in the Act. § 775.21(4)(c), Fla. Stat. (Supp.1998). The order designating a defendant a sexual predator is thus entered after final judgment or a finding of guilt. See Thomas v. State, 716 So.2d 789 (Fla. 4th DCA 1997) (holding that an order designating a defendant a sexual predator was "entered after defendant was convicted and sentenced" and "is therefore appealable as an order entered after a `finding of guilt,' pursuant to rule 9.140(b)(1)(C)"); Downs v. State, 700 So.2d 789 (Fla. 2d DCA 1997) (same).
Robinson, 873 So.2d at 1208-09.[3]
The provisions of section 775.21 and the holding in Robinson are significant because the Legislature and the court considered designation proceedings criminal in nature, with any resulting error in the proceeding necessarily stemming from the conviction for the qualifying offense rather than the sentence. Notably, rule 9.140(b)(1)(E) allows a defendant to appeal "an unlawful or illegal sentence" and rule 9.140(b)(1)(F) allows a defendant to appeal "a sentence, if the appeal is required or permitted by general law." In my view, the court's holding in Robinson that the designation order is appealable under 9.140(b)(1)(D) as an order after final judgment or finding of guilt rather than an order appealable under either subsection (E) or (F) clearly means that the court considered a designation neither a sentence nor a civil proceeding. I also believe that the court's recognition in Robinson that the designation "is based on the offender's conviction" of enumerated crimes belies the notion that it is a sentence. Moreover, the court's holding that a designation order is directly appealable under rule 9.140(b)(1)(D) buttresses the conclusion that such orders stem from convictions rather than sentences. See State v. Anderson, 821 So.2d 1206, 1209 (Fla. 5th DCA 2002) ("A challenge to an underlying conviction may be raised on direct appeal or in a Rule 3.850 motion; it is not cognizable by way of Rule 3.800.") (citing Bryant v. State, 800 So.2d 692 (Fla. 5th DCA 2001), review denied, 819 So.2d 133 (Fla.2002)).
In Nicholson, this court properly observed that section 775.21(5) provides that "[a]n offender who meets the sexual predator criteria ... who is before the court for sentencing for a current offense committed on or after October 1, 1993, is a sexual predator, and the sentencing court must make a written finding at the time of *487 sentencing that the offender is a sexual predator...." § 775.21(5)(a)2., Fla. Stat. (2002). Simply because the statute designates the "time of sentencing" as the appropriate time for the designation to be made, however, does not necessarily mean that the designation is a sentencing error. Rule 3.700(a), Florida Rules of Criminal Procedure, defines "sentence" as "the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty." Although I agree with the rather broad definition of "sentencing error" applied in Nicholson as "any error that occurs as part of the sentencing process," I believe that the "process" and "error" must relate to the pronouncement of the penalty imposed for the offense the defendant committed, not to errors relating to other matters that are addressed at the time the defendant is sentenced. For example, a trial court may defer the decision whether to withhold adjudication of guilt until sentencing and this decision, while made at the time of sentencing, does not render any resulting error a sentencing error made during the sentencing process. Yet, the literal application of the broad definition of sentencing error espoused in Nicholson would indeed make such an error a sentencing error. In my view, this does not make sense. Because a sexual predator designation is neither a sentence nor a punishment, it cannot be a penalty imposed for the offense committed and, accordingly, an erroneous designation should not fit within the definition of "sentencing error" applied in Nicholson.
A sexual predator designation more closely fits within the definition of "conviction," which means "a determination of guilt resulting from plea or trial...." Fla. R.Crim. P. 3.704(d)(6); see also Washington v. Mayo, 77 So.2d 620 (Fla.), cert. denied, 350 U.S. 851, 76 S.Ct. 91, 100 L.Ed. 757 (1955). Generally, it is the state's responsibility to bring to the trial court's attention the fact that a defendant qualifies as a sexual predator and to establish the necessary prerequisites to obtain a designation from the court. See §§ 775.21(4)(c), (5)(a)(2), (5)(c), Fla. Stat. (2002). If it fails to meet that burden, the designation may not be made. If the requisite showing is made, the trial court makes the designation in a written order. Hence, I believe that the statutory provisions that require a determination based on the state's showing that the person qualifies as a sexual predator are more analogous to a conviction than to a sentence.
While part of section 775.21(5)(a) permits the designation to be made at the time of sentencing, just as this court in Nicholson observed, what this court overlooked or failed to fully consider is that other provisions of section 775.21 clearly provide that a motion may be filed, a hearing may be conducted and an order of designation may be entered long after the date sentence was imposed. For example, provision is made for designation subsequent to sentencing pursuant to sections 775.21(5)(a)1. and 775.21(5)(c), which apply respectively to instances where the trial court failed to make the designation at the time of sentencing and instances where the information that the defendant qualifies for designation was discovered subsequent to sentencing for the current or qualifying offense. Moreover, the courts have specifically held that failure to designate a qualified individual at sentencing for a current offense is not jurisdictional, and it may be done after sentencing has occurred. In Gonzalez v. State, 808 So.2d 1265 (Fla. 3d DCA 2002), the court noted:
Although the defendant clearly states that he is objecting solely to the public notification portion of his classification as a sexual predator, he argues generally *488 that the trial court was without authority to designate him a sexual predator because the determination was not made contemporaneous to his initial sentencing. We find this claim unmeritorious. As stated in Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997), the sexual predator designation is not an impermissible modification of an offender's sentence "because the designation `sexual predator' is neither a sentence nor a punishment." See Collie v. State, 710 So.2d 1000, 1006 (Fla. 2d DCA 1998).
Id. at 1265 n. 1.
There are numerous cases where the courts have upheld designation orders rendered long after the defendant was sentenced for the underlying offense.[4] This is *489 why a designation order is appealable under rule 9.140(b)(1)(D) as an order rendered after a finding or judgment of guilt rather than as an erroneous sentencing order under the other provisions of the rule. Accordingly, I cannot accept as legally correct the approach taken by this court in Nicholson that a designation order is a sentencing order simply because one provision of the statute states that the designation should be made at the time of sentencing when the Legislature and the courts have specifically indicated that the designation may be made after sentencing for a current or qualifying offense. I likewise cannot agree with the rationale adopted by the Second District Court that designation proceedings are civil rather than criminal.
I also note that the alternative remedies available to a defendant who has not properly preserved a sentencing error may not be available to a defendant who has not properly preserved an erroneous designation. If an unpreserved sentencing error is appealed and the defendant has not availed himself of the procedure established in rule 3.800(b), the defendant "retains an opportunity to assert the sentencing error after the direct appeal, through either rule 3.800(a) or rule 3.850." Brannon, 850 So.2d at 458 (footnote omitted); Lewis v. State, 827 So.2d 1052 (Fla. 5th DCA 2002); Geri v. State, 797 So.2d 605 (Fla. 1st DCA 2001); Durr v. State, 773 So.2d 644 (Fla. 5th DCA 2000). However, rule 3.800(a) applies to illegal sentences and the Legislature and the courts have repeatedly held that a sexual predator designation under section 775.21 is not a sentence or a form of punishment. More importantly, this court has specifically held that an erroneous designation under section 775.21 is not correctable under rule 3.800.[5] Moreover, a designation as a sexual predator simply does not fit within the definition of illegal sentence under rule 3.800. In Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996), this court explained:
Our court has decided to adopt the second district's interpretation of the limited nature of rule 3.800(a) proceedings:
Rule 3.800 is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It *490 is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process. Unlike a motion pursuant to rule 3.850, the motion can be filed without an oath because it is designed to test issues that should not involve significant questions of fact or require a lengthy evidentiary hearing.
Id. at 172-73 (emphasis added) (quoting Judge v. State, 596 So.2d 73, 76-77 (Fla. 2d DCA 1991), review denied, 613 So.2d 5 (Fla.1992)).[6] Therefore, because a sexual predator designation is not a sentence that imposes a penalty or punishment, rule 3.800(a) is not applicable to correct erroneous sexual predator designations.
The remedy provided by rule 3.850 may not be available if the designation is made long after expiration of the time limits for filing a motion under the rule. For example, in Walk v. State, 707 So.2d 933 (Fla. 5th DCA 1998), the state filed a motion under section 775.21 to have the defendant declared a sexual predator in February 1997, which was several years after the defendant was convicted and sentenced. After the order was entered, the defendant filed a direct appeal and a motion pursuant to rule 3.850 contesting the order. This court held:
A motion filed pursuant to rule 3.850 is untimely if filed more than two years after the conviction and sentence become final. Fla. R.Crim. P. 3.850(b). If the conviction and sentence are not appealed, they become final 30 days after they are entered. Ramos v. State, 658 So.2d 169 (Fla. 3d DCA 1995). Walk's conviction and sentence became final on 4 January 1995. Consequently, the motion was time-barred.
Id. at 933-34. Moreover, "claims which were or could have been raised on direct appeal are procedurally barred in a rule 3.850 motion." Schwab v. State, 814 So.2d 402, 406 n. 4 (Fla.2002) (citation omitted); see also Lopez v. Singletary, 634 So.2d 1054, 1056 (Fla.1993) ("Postconviction motions are not to be used as second appeals.") (citation omitted). Because a defendant has a right to directly appeal an erroneous designation pursuant to rule 9.140, as the court held in Robinson, the erroneous designation may not be corrected pursuant to rule 3.850. Since the preservation rule applicable to sentencing errors is based on the defendant's right to assert the error in subsequent proceedings under rule 3.800 or 3.850 rather than a direct appeal, and because I believe those remedies are not available to a defendant aggrieved by an unpreserved but erroneous sexual predator designation, it is my view that an erroneous designation is not a sentencing error.
I conclude that an erroneous sexual predator designation is not a sentencing error or an error arising out of a civil proceeding. I also conclude that Cabrera has alleged a fundamental error in a criminal proceeding and that this court should resolve the issue on the merits in the instant *491 proceedings. However, because we are bound by our decision in Nicholson, I very reluctantly concur with the majority opinion.
NOTES
[1] The other issues that we affirm are: 1) whether the trial court erred by failing to make specific findings of fact to support its conclusion that the child who testified was competent to do so; 2) whether the trial court erred by admitting alleged hearsay statements of the victim without making proper and specific findings of reliability and trustworthiness; 3) whether the State committed prosecutorial misconduct and invaded the province of the jury by bolstering the credibility of the victim; and 4) whether the Florida Sexual Predator's Act, section 775.21, Florida Statutes (2002), is unconstitutional because it violates procedural due process. As to the last issue, we certify conflict with Espindola v. State, 855 So.2d 1281 (Fla. 3d DCA 2003).
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[1] Although this court cites this section for the requirement that the designation be made during sentencing, the correct citation is to section 775.21(5)(a)2. This section is one of three enumerated circumstances when the court may enter a sexual predator designation.
[2] See State v. Johnson, 616 So.2d 1, 3 (Fla. 1993) ("[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process."); Ray v. State, 403 So.2d 956, 960 (Fla.1981) ("[F]or error to be so fundamental that it may be urged on appeal, though not properly presented below, the error must amount to a denial of due process."); Ray v. State, 855 So.2d 1260 (Fla. 4th DCA 2003); Cagle v. State, 821 So.2d 443 (Fla. 2d DCA 2002); see also Petrucelli v. State, 855 So.2d 150 (Fla. 2d DCA 2003).
[3] Rule 9.140(b)(1)(C) referred to in Robinson was renumbered to rule 9.140(b)(1)(D) without change when subsection (b)(1)(B) was added by the Florida Supreme Court in 2000. See Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834 (Fla.2000) ("We likewise adopt the committee's proposal to renumber subdivision (b)(1)(C) as subdivision (b)(1)(D) and to amend it to provide that a defendant may appeal orders denying relief under Florida Rule of Criminal Procedure 3.800(a), or 3.850.").
[4] For example, in Thomas v. State, 716 So.2d 789 (Fla. 4th DCA 1997), the trial court entered the order after the defendant had been convicted and sentenced. The state argued that the order was not an appealable order. The court rejected that argument and held:

Defendant appeals an order in which the trial court found him to be a sexual predator pursuant to section 775.21, Florida Statutes (Supp.1996). The state moves to dismiss the appeal on the ground that the order is not appealable. The state's motion to dismiss, which contains no argument, simply states that the order is not appealable under either section 924.06, Florida Statutes (1993) or rule 9.140(b), Florida Rules of Appellate Procedure.
Rule 9.140(b)(1)(C) provides that a defendant may appeal "orders entered after final judgment or finding guilt, including orders revoking or modifying probation or community control, or both." The order in the present case was entered after defendant was convicted and sentenced. It is therefore appealable as an order entered after a "finding of guilt," pursuant to rule 9.140(b)(1)(C). The motion to dismiss appeal is denied.
Id. at 789.
This court has adopted the same rationale. In Pisarri v. State, 724 So.2d 635 (Fla. 5th DCA 1998), the trial court, approximately thirteen months after the defendant was sentenced, entered an order finding that the defendant was a sexual predator. The defendant attempted to file a mandamus petition to require that his name be excluded from the mandatory list of sexual predators maintained by the Florida Department of Law Enforcement. In affirming the denial of that petition, this court held:
If the trial court erroneously found appellant to be a sexual predator, an appeal from that order would have been the appropriate remedy. The fact that some time intervened between appellant's sentencing and the court's determination that appellant was a sexual predator would not, in and of itself, make that finding erroneous.
Id. at 636 (citations omitted).
Similarly, in Milks v. State, 848 So.2d 1167 (Fla. 2d DCA), review granted, 859 So.2d 514 (Fla.2003), the state sought to have the defendant declared a sexual predator several months after he was sentenced. When the trial court subsequently entered the order designating him a sexual predator, the defendant appealed and the state argued that the court did not have jurisdiction to hear the appeal since the time to appeal the sentence and conviction had expired. The Second District Court rejected that argument and held:
The State has argued that this court lacks jurisdiction to review the order designating Mr. Milks a sexually violent predator because it was entered months after Mr. Milks entered a plea to the charges against him. See Coblentz v. State, 775 So.2d 359, 360 (Fla. 2d DCA 2000). We conclude that we have jurisdiction in this direct appeal of the trial court's order to review whether the sexual predator designation violates constitutional principles of separation of powers or procedural due process either pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D) or by way of certiorari.
Id. at 1168 n. 1 (citation omitted). Another analogous case is Walker v. State, 718 So.2d 217 (Fla. 4th DCA 1998), wherein the defendant was designated a sexual predator after he was sentenced. The court upheld the designation and stated:
The sexual predator designation "is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes." Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997). Section 775.21(4)(b)2, Florida Statutes (Supp.1996), like section 775.21(4)(a)2, allows trial courts to designate offenders who committed their current offenses between October 1, 1995, and October 1, 1996, as sexual predators after they have been sentenced for the current offense. See Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998).
Id. at 218.
[5] See Kelly v. State, 795 So.2d 135 (Fla. 5th DCA 2001), review denied, 851 So.2d 729 (Fla. 2003), and cert. denied, ___ U.S. ___, 124 S.Ct. 1442, 158 L.Ed.2d 103 (2004); Rickman v. State, 714 So.2d 538, 539 (Fla. 5th DCA 1998) ("This court has previously held that the registration requirement of sec. 775.21, F.S. (Supp.1996) are [sic] procedural and regulatory in nature and do not constitute punishment."); Fletcher v. State, 699 So.2d 346, 347 (Fla. 5th DCA 1997) ("[S]ection 775.21 violates neither the ex post facto clause nor Rule 3.800 because the designation `sexual predator' is neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes."), review denied, 707 So.2d 1124 (Fla.1998); see also State v. Erickson, 852 So.2d 289, 291 n. 1 (Fla. 5th DCA 2003) ("Since the courts of Florida have uniformly recognized that the Florida Sexual Predators Act is regulatory in nature and does not constitute punishment subject to constitutional ex post facto challenges, the need for a qualifying offense date within the Act is questionable."); Mendez v. State, 798 So.2d 749, 751 n. 2 (Fla. 5th DCA 2001) ("This court has previously held that designation as a sexual predator is `neither a sentence nor a punishment but simply a status resulting from the conviction of certain crimes.'") (citation omitted).
[6] In Carter v. State, 786 So.2d 1173 (Fla. 2001), the court defined "illegal sentence" under rule 3.800(a) as follows:

To be illegal within the meaning of rule 3.800(a) the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. On the other hand, if it is possible under all the sentencing statutesgiven a specific set of factsto impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it.
Id. at 1178 (quoting Blakley v. State, 746 So.2d 1182, 1186-87 (Fla. 4th DCA 1999)). A sexual predator designation is not a punishment and therefore does not fit within this definition.