893 So.2d 706 (2005)
David JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2415.
District Court of Appeal of Florida, Second District.
February 23, 2005.
*707 CASANUEVA, Judge.
David Jackson appeals the trial court's order denying his petition for declaratory judgment filed pursuant to section 86.011, Florida Statutes (2003). We reverse the trial court's order and remand for further consideration.
In September 1996, Jackson pleaded guilty to one count of lewd and lascivious act and one count of exposure of sexual organs. The court sentenced him to ten years in prison, with nine years suspended, and one year in county jail, followed by five years' probation. Subsequently, he was declared to be a sexual predator and required to register under the Sexual Predator Act.
On November 14, 2000, Jackson filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, challenging the sexual predator designation and registration requirement under the Sexual Predator Act. The trial court denied relief. The court found that designation as a sexual predator is neither a sentence nor a punishment; thus, the Florida Rules of Criminal Procedure do not apply to Jackson's claim. This court affirmed the denial of Jackson's motion for postconviction relief. However, our affirmance was without prejudice to Jackson's right to pursue any available civil remedies. See Jackson v. State, 801 So.2d 212 (Fla. 2d DCA 2001) (citing Angell v. State, 712 So.2d 1132 (Fla. 2d DCA 1998)).
On April 8, 2004, Jackson filed a petition for declaratory judgment alleging that he was improperly designated as a sexual predator. The trial court denied Jackson's petition without any discussion of the merits. The court found that Jackson's motion for postconviction relief contained an identical allegation and, because it addressed such allegation in its previous order denying Jackson postconviction relief, the court would not warrant further relief.
A trial court's ruling on a petition for declaratory judgment is given great deference. The standard of review is whether the trial court abused its discretion. Palumbo v. Moore, 777 So.2d 1177, 1178 (Fla. 5th DCA 2001). When the trial court failed to address the merits of Jackson's petition, it abused its discretion. See Coblentz v. State, 855 So.2d 681, 682 (Fla. 2d DCA 2003). Accordingly, we reverse the trial court's order denying Jackson's petition for declaratory judgment and remand for the trial court to hold further proceedings.
Reversed and remanded.
WHATLEY and CANADY, JJ., Concur.