911 So.2d 229 (2005)
Lonnie Gene KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1513.
District Court of Appeal of Florida, Second District.
September 28, 2005.
*230 Lonnie Gene King, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
EN BANC
ALTENBERND, Judge.
Lonnie Gene King appeals the summary denial of his postconviction motion seeking to challenge his designation as a sexual predator. If we followed our own precedent, we would affirm this order because we have not treated a sexual predator designation as a portion of a criminal sentence that can be challenged under the standard postconviction rules. After seven years of experience, we recognize that our efforts to treat a sexual predator designation as a separate "civil" order within a criminal proceeding have been unsuccessful and have resulted in a procedural morass. We conclude that the approach taken by the Fifth District in Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003), and Cabrera v. State, 884 So.2d 482 (Fla. 5th DCA 2004), is a better solution. Accordingly, we recede from our prior case law and hold that a sexual predator designation is a matter that can be challenged by an appropriate postconviction motion. The designation may also be reviewed during a direct appeal from a criminal judgment or sentence. Because the State concedes that Mr. King was designated as a sexual predator under circumstances where the law does not permit such a designation, we reverse the order of the circuit court and remand with directions for the circuit court to grant the motion as a motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
*231 Mr. King was charged in November 2000 with lewd molestation pursuant to section 800.04(5)(a), Florida Statutes (2000). This offense was a first-degree felony and upon conviction would have required the trial court to designate Mr. King as a sexual predator. See §§ 775.21(4)(a)(1)(a), 775.21(5), Fla. Stat. (2000). However, on November 13, 2001, Mr. King pleaded no contest to a reduced charge of lewd and lascivious battery in violation of section 800.04(4). A conviction for this second-degree felony offense results in the classification of Mr. King as a sexual offender. See § 943.0435(1)(a), Fla. Stat. (2000) (defining "sexual offender"). It did not, however, make him eligible for treatment as a sexual predator unless he had a prior conviction, which he does not have. See § 775.21(4).
At the plea hearing, the trial court discussed with Mr. King the fact that he would be treated as a sexual offender if the court accepted his plea, and Mr. King understood this consequence. A few days later, without a hearing, the trial court entered an amended sentence, designating Mr. King as a sexual predator rather than a sexual offender.
Mr. King filed a direct appeal in case number 2D02-424. His attorney filed an Anders[1] brief in which he pointed out that Mr. King's designation as a sexual predator was improper. Mr. King's lawyer concluded that the issue could not be raised on direct appeal as fundamental error in light of this court's case law indicating that the designation order was "civil" in nature and not a part of the criminal sentence. We affirmed the judgment and sentence in an unwritten opinion. See King v. State, 865 So.2d 496 (Fla. 2d DCA 2003).
In January 2004, Mr. King filed a motion for relief from the amended sentence. He explained the nature of this error and asked the court to correct his designation under rule 3.800, "civil relief," or "any other petition for a writ," citing our opinion in Coblentz v. State, 775 So.2d 359 (Fla. 2d DCA 2000). The trial court denied this motion with an order suggesting that the trial court believed that Mr. King's sexual predator designation was legally correct but also recognizing that the issue was not reviewable by any standard postconviction motion. Mr. King challenges that ruling in this appeal.
This case highlights the problems that have developed with this court's prior precedents concerning a postconviction challenge to a sexual predator designation. In Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998), this court correctly concluded that a sexual predator designation was not a sentence for purposes of a constitutional analysis of double jeopardy or ex post facto and that the designation could be entered beyond the time for modifying a sentence under Florida Rule of Criminal Procedure 3.800(c). A few months later, we relied on Collie to further conclude that the designation was not subject to challenge under rule 3.800(a) or Florida Rule of Criminal Procedure 3.850. See Angell v. State, 712 So.2d 1132 (Fla. 2d DCA 1998). In Angell, this court wrote:
While Florida Rules of Criminal Procedure 3.800 and 3.850 are unavailable to Angell to attempt to rectify this error, this affirmance is without prejudice for him to pursue any available civil remedies.
Id. at 1132.
Two years after Angell, we issued Coblentz, 775 So.2d 359. In Coblentz, the defendant sought to challenge a sexual predator designation by rule 3.800(a) after his appellate attorney had not raised the *232 issue on direct appeal. The record in Mr. Coblentz's appeal strongly indicated that he had been designated a sexual predator when the law did not permit this designation under the circumstances in his case. We stated:
Candidly, we are uncertain what appellate remedy was available to Mr. Coblentz [at the time of the direct appeal].
. . .
Mr. Coblentz claims that he does not qualify as a sexual predator. His convictions are second-degree felonies. Under section 775.21(4)(c) he would qualify as a sexual predator only if he had a prior conviction for an enumerated crime. He claims that he has no such prior conviction. The State has not disputed his claim in this record.
In Angell, 712 So.2d 1132, this court held that a person in Mr. Coblentz's situation should seek a civil remedy. We suggested that an action for declaratory relief might be the appropriate vehicle. We note that Mr. Coblentz filed his motion within a year of the entry of the order determining sexual predator status. It is arguable that the trial court could, and perhaps should, have treated this motion as a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540.
Thus, although we affirm the order on appeal, we are convinced that Mr. Coblentz and others in his situation should have some vehicle to review the civil order that determines their status as sexual predators. At least from a practical perspective, we doubt that a pro se right to seek a direct appeal of this civil proceeding within thirty days of sentencing is a workable solution.
On remand, we would encourage Mr. Coblentz to file a civil proceeding in hopes both that the merits of his case can be tested and that the trial court can be given an opportunity to devise a workable mechanism to resolve such claims. At this point, we decline to certify this question to the supreme court as a matter of great public importance, but we are sending a copy of this opinion to The Florida Bar Criminal Procedure Rules Committee and Appellate Court Rules Committee for consideration.
Id. at 360.
Mr. Coblentz's procedural difficulties continued, as reflected in Coblentz v. State, 855 So.2d 681 (Fla. 2d DCA 2003), where we stated:
Mr. Coblentz followed this court's advice and filed a motion for relief from judgment pursuant to rule 1.540(b). The trial court denied the motion and noted that Mr. Coblentz had filed two previous motions to correct illegal sentence, the denials of which had been affirmed on appeal. The motion was denied without any discussion of its merits.
Id. at 682 (citations omitted). This court reversed the order of the trial court and remanded the case for consideration of the motion on its merits.[2]
Similarly, in Jackson v. State, 801 So.2d 212 (Fla. 2d DCA 2001), this court affirmed the trial court's order denying Mr. Jackson's motion for postconviction relief concerning a sexual predator designation. We affirmed, however, without prejudice to Mr. Jackson's right to pursue any available civil remedies. Thereafter, as stated in Jackson v. State, 893 So.2d 706 (Fla. 2d DCA 2005),

*233 Jackson filed a petition for declaratory judgment alleging that he was improperly designated as a sexual predator. The trial court denied Jackson's petition without any discussion of the merits. The court found that Jackson's motion for postconviction relief contained an identical allegation and, because it addressed such allegation in its previous order denying Jackson postconviction relief, the court would not warrant further relief.
Id. at 707. Again, this court reversed the order of the trial court and remanded the case for further proceedings.
When the sexual predator statutes first took effect, most orders designating defendants as sexual predators were entered long after the time for a direct appeal had expired. We directly reviewed at least a few of these orders as orders entered after final judgment pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D). See, e.g., Garcia v. State, 827 So.2d 1102 (Fla. 2d DCA 2002). After the statutes had been in effect for a year or two, most designation orders were being entered at the same time as the sentence. At least in some cases, this court began reviewing such sexual predator designations as part of a direct appeal, similar to the review that we provide for restitution orders. It is obvious, however, that confusion reigned as to the correct method to review a sexual predator designation both inside this court and among appellate lawyers.
The Fifth District has declined to follow Angell and has treated the sexual predator designation as an order that can receive appellate review and postconviction challenge as if it were a sentencing order. In Nicholson, 846 So.2d 1217, Judge Griffin acknowledged a "perverse logic" in the rules announced by the Second District, but concluded: "We take the view that it doesn't much matter that a sexual predator designation is not a sentence or a punishment." Id. at 1219. The Fifth District held that a timely rule 3.800(b) motion is available to preserve a claim of error in a sexual predator designation for a direct appeal. The Fifth District justified this approach by explaining that an erroneous sexual predator designation is an "error that occurs as part of the sentencing process," id., and thus, is a sentencing error that may be raised by a rule 3.800(b) motion. This holding was extended by the Fifth District in Cabrera, 884 So.2d 482, to allow a challenge to a sexual predator designation to be raised "in a proper motion pursuant to rule 3.800(a) or rule 3.850." Id. at 484.
Judge Griffin's sentiments echo the wisdom of Justice Oliver Wendell Holmes: "The life of the law has not been logic: it has been experience." See Oliver Wendell Holmes, The Common Law 1 (1881). This court extended a premise of constitutional logic to apply in a procedural context where experience has unquestionably proven that we were wrong. For whatever reason, challenging a sexual predator designation in a civil proceeding has not proven to be the "workable mechanism to resolve such claims" that this court envisioned in the 2000 Coblentz opinion. Coblentz, 775 So.2d at 360.
We are now convinced that the approach taken by the Fifth District is appropriate and will provide a workable mechanism to resolve claims of erroneous sexual predator designations. Consequently, to the extent that they are inconsistent with this opinion, we recede from our prior opinions in Anderson v. State, 886 So.2d 430 (Fla. 2d DCA 2004); Smeltz v. State, 818 So.2d 538 (Fla. 2d DCA 2002); Jackson, 801 So.2d 212; Coblentz, 775 So.2d 359; State v. Colley, 744 So.2d 1172 (Fla. 2d DCA 1999); Wade v. State, 728 So.2d 284 (Fla. 2d DCA 1999); and Angell, 712 So.2d 1132.
*234 To avoid any confusion, we explain that a sexual predator designation (1) may be imposed or modified after sentencing without regard to the time limits established in rule 3.800(c), see Collie, 710 So.2d 1000; (2) may be directly appealed as a portion of a sentence under rule 9.140(b)(1)(E); (3) may be directly appealed under rule 9.140(b)(1)(D) if it is entered after the time to appeal the judgment and sentence has expired; (4) may be challenged under rule 3.800(b) in order to preserve the issue for direct appeal; and (5) may be challenged like a sentencing issue by postconviction motions pursuant to rules 3.800(a) and 3.850. A party in the Second District should no longer file any civil motion or proceeding to challenge this designation.
In Connor v. State, 773 So.2d 1242 (Fla. 4th DCA 2000), and Szuch v. State, 780 So.2d 290 (Fla. 4th DCA 2001), the Fourth District followed this district's holding in Angell. Because we are receding from Angell, we must now ironically certify direct conflict with these decisions from the Fourth District.
Turning to the merits of Mr. King's appeal, he claims that his sexual predator designation is illegal and that its illegality is established on the face of the record in his criminal case. The State, in a response filed with this court, concedes that Mr. King does not qualify for designation as a sexual predator. Accordingly, we reverse the order of the circuit court and remand with directions for the circuit court to grant the motion as a motion to correct an illegal sentence filed pursuant to rule 3.800(a).
Reversed and remanded with directions; conflict certified.
FULMER, C.J., and WHATLEY, NORTHCUTT, CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN, KELLY, CANADY, VILLANTI, WALLACE, and LaROSE, JJ., Concur.
NOTES
[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] The Florida Bar Criminal Procedure Rules Committee considered this issue when we sent it our opinion in Coblentz, 775 So.2d 359, but reported to us that it had been unable to fashion a procedural solution.