912 So.2d 1250 (2005)
Michael SHEPHERD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4040.
District Court of Appeal of Florida, Second District.
October 28, 2005.
*1251 James Marion Moorman, Public Defender, and Jeffrey Sullivan, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Michael Shepherd appeals his convictions and sentences for two counts of lewd molestation of children less than twelve years of age, a first-degree felony in violation of section 800.04(5), Florida Statutes (2001), and raises four issues: three evidentiary rulings of the court and one sentencing issue. We affirm in part and reverse in part.
We find no basis to reverse the court's evidentiary rulings on (a) admitting evidence of prior bad acts pursuant to section 90.404(2)(b)(1), Florida Statutes (2001); (b) limiting cross-examination of the Williams[1] rule witness; or (c) denying Mr. Shepherd's motion to suppress inculpatory statements he made to an investigating officer. Thus, we affirm his convictions. We must, however, reverse on the ground that his designation as a sexual predator was imposed without jurisdiction. The State concedes the error.
This court recently receded from our prior case law and revisited the required procedure in this district for challenging a sexual predator designation. King v. State, 911 So.2d 229 (Fla. 2d DCA 2005) (en banc). In King, we aligned this district with the approach taken by the Fifth District in Nicholson v. State, 846 So.2d 1217 (Fla. 5th DCA 2003), and Cabrera v. State, 884 So.2d 482 (Fla. 5th DCA 2004). Under King, a challenge to a designation as a sexual predator is now permitted in this district as part of the direct appeal of a criminal conviction and sentence or through an appropriate postconviction motion. However, the trial court erred in Mr. Shepherd's case by imposing the sexual predator designation while the case was on appeal, at a time when it did not have jurisdiction to do so.
After the jury returned a guilty verdict on both counts, the trial court sentenced Mr. Shepherd to two concurrent terms of twenty years' incarceration and declared him to be a sexual offender. A motion for *1252 new trial was denied and a timely notice of appeal was filed on August 27, 2003. Thereafter, on September 10, 2003, the State filed a notice of intent to have Mr. Shepherd declared a sexual predator. Following a hearing, the trial court designated him a sexual predator on October 20, 2003, and modified its previous order to reflect the new designation.
Once a notice of appeal is filed, the trial court is divested of jurisdiction to amend the sentence, Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991), unless a motion to correct sentencing error is made pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which is not the circumstance in Mr. Shepherd's case. The trial court amended Mr. Shepherd's original sentence and declaration of sexual offender status and designated him a sexual predator when it had no jurisdiction to do so. Had the trial court amended the sentence before Mr. Shepherd filed his notice of appeal, we would have been able to dispose of the merits of such designation within this direct appeal pursuant to King, 911 So.2d 229.
Although the State suggests that Mr. Shepherd qualifies for designation as a sexual predator, we decline to reach the merits of the designation. Should the trial court reimpose the sexual predator designation when it has jurisdiction to do so, Mr. Shepherd retains the ability to challenge that designation by directly appealing under Florida Rule of Appellate Procedure 9.140(b)(1)(D). See King, 911 So.2d at 234.
Convictions and sentences affirmed but sexual predator designation vacated.
STRINGER, J., and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959); see also McLean v. State, 854 So.2d 796 (Fla. 2d DCA 2003).