NORTHCUTT, Chief Judge.
Shane P. Czetli appeals the summary dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the postconviction court’s order and remand for consideration on the merits.
The postconviction court dismissed Czet-li’s instant motion as successive under rule 3.850(f), relying on a prior rule 3.850 motion that Czetli filed on October 24, 2004. In that prior motion, Czetli attacked the constitutionality of his sexual predator designation. However, until this court issued its 2005 opinion in King v. State, 911 So.2d 229 (Fla. 2d DCA 2005), a defendant could not challenge a sexual predator designation in a postconviction motion because “designation as a sexual predator [was] neither a sentence nor a punishment, and [] the Florida Rules of Criminal Procedure do not, in general, apply to this statutory provision.” Angell v. State, 712 So.2d 1132, 1132 (Fla. 2d DCA 1998); see also Jackson v. State, 801 So.2d 212, 213 (Fla. 2d DCA 2001) (holding that a claim attacking a sexual predator designation may not be raised under rule 3.850 or rule 3.800(a)). In King, we held that a sexual predator *1124 designation “may be challenged like a sentencing issue by postconviction motions pursuant to rule 3.800(a) and 3.850.” 911 So.2d at 234 (emphasis added).
The postconviction court incorrectly reasoned that because Czetli couched his claim in his first rule 3.850 motion in terms of constitutionality it was cognizable pursuant to rule 3.850(a)(1). However, rule 3.850(a)(1) provides that one may attack a judgment or sentence on constitutional grounds. At the time Czetli filed his first motion, this court considered a sexual predator designation a civil matter and not a judgment, sentence, or any creature of criminal law. See Collie v. State, 710 So.2d 1000, 1013 (Fla. 2d DCA 1998) (noting that “the legislative intent behind the statute is civil, rather than criminal”); see also Coblentz v. State, 775 So.2d 359, 360 (Fla. 2d DCA 2000) (affirming the postcon-viction court’s denial of defendant’s rule 3.850 motion attacking his sexual predator designation without prejudice to the defendant seeking relief through a civil remedy). Therefore, Czetli’s first rule 3.850 motion raised a claim that was not cognizable in any postconviction motion at that time but, subsequent to this court’s opinion in King, has been treated as a sentencing issue.
Consequently, the postconviction court should not have considered the prior motion as filed under rule 3.850 to determine that the instant motion was successive. See Ramirez v. State, 822 So.2d 593, 594 (Fla. 2d DCA 2002) (holding that “[defendant’s] second motion was not a successive postconviction motion since [his] original [rule 3.850] motion only raised claims that his sentence was illegal”); see also Davis v. State, 953 So.2d 612 (Fla. 2d DCA 2007) (citing Ramirez and holding that the defendant’s instant rule 3.850 motion was not successive because this court treated his prior rule 3.850 motion attacking his sentences as a rule 3.800(a) motion on appeal).
Accordingly, we reverse the postconviction court’s dismissal of Czetli’s motion. On remand, the postconviction court shall treat the motion as non-successive and proceed accordingly.
Reversed and remanded.
SILBERMAN and KELLY, JJ„ Concur.