PER CURIAM.
Hilton Allen appeals the sentence imposed after his conviction for sexual battery, contending that the trial court erred in reclassifying his offense from a second degree felony to a first degree felony pursuant to section 794.023, Florida Statutes (2004), since he was not charged as a perpetrator pursuant to that statute. We agree that his reclassification was improper. Allen v. State, 982 So.2d 1280 (Fla. 1st DCA 2008).
Subsequent to sentencing and after the notice of appeal was filed, upon motion by the state the trial court determined that, because appellant’s offense had been reclassified pursuant to section 794.023 to a first degree felony, section 775.21(4)(a)l.a. required him to be designated as a sexual predator. While the state agrees that the sexual predator designation is erroneous, see Shepherd v. State, 912 So.2d 1250 (Fla. 2d DCA 2005), we cannot reach the issue because appellant did not file a timely notice of appeal or amended notice of appeal from the order designating him a sexual predator. Velickovich v. Ricci, 391 So.2d 258 (Fla. 4th DCA 1980). Appellant’s remedy is to file a separate civil action seeking injunctive and declaratory relief. Boyer v. State, 946 So.2d 75, 76 (Fla. 1st DCA 2006).
REVERSED and REMANDED for further proceedings consistent with this opinion.
WEBSTER, VAN NORTWICK, and THOMAS, JJ., concur.